## Esterly Machine Co. *v.* Spencer, Appellant.

[Marked to be reported.]

*Landlord and tenant—Distress—Replevin act of March 21, 1772.*

Under the act of March 21, 1772, replevin is the proper remedy to be used by a person whose goods have been improperly distrained upon by a landlord for rent due by a tenant.

Where such a person receives notice of the distress, and the landlord postpones the sale to give him an opportunity to bring replevin, which he refuses to do, he cannot, after the sale, bring trespass against the landlord for the value of the goods.

Argued Jan. 20, 1892. Appeal, No. 148, July T., 1891, by defendant, Howard Spencer, from judgment of C. P. No. 1, Phila. Co., March T., 1888, No. 387, dismissing exceptions to report of referee. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS and McCOLLUM, JJ.

Trespass to recover damages for an alleged wrongful distress.

The case was referred to Henry R. Edmunds, Esq., who reported the facts as follows:

"In January, 1888, the defendant was the owner of the premises No. 1907 Market street, Philadelphia, and one S. C. Harbert, now deceased, was the tenant of said premises.

"On the 10th day of January, 1888, the landlord, the defendant, who had duly levied for arrears of rent due by said tenant for said premises, sold the goods on said premises by constable's sale.

"Among the goods sold at said sale were certain extra parts of harvesting machines, owned by plaintiff, intrusted to said tenant, as his agent, to be sold on commission.

"The defendant had notice before said sale, and public notice was given at the sale, that said extra parts of harvesting machines were the property of the plaintiff and were on storage with said tenant, intrusted to him by plaintiff as agent to sell on commission.

The value of plaintiff's goods on said premises, under the circumstances above reported, at the time of said sale and sold by the constable by virtue of the said levy after said notice, was as to the plaintiff $1,543.84.

"The number of pieces of machines so owned by plaintiff

and so as aforesaid sold, was estimated to be from 500 to 1000. They were not inventoried, counted, nor weighed, and were sold, with some other goods, in a lump for a lump sum, and purchased by the defendant for either $60 or $65.

"The said pieces of machines did not have any general value in Philadelphia, being only for use in connection with plaintiff's machines. They had a general value in the West, where the machines were mostly in use.

"Before the sale, defendant's counsel requested plaintiff's counsel to give security, and take said goods by replevin, which was declined.

"The notice by plaintiff to defendant of plaintiff's ownership of the goods was after distress by plaintiff, but before sale.

"The agent of the plaintiff bid fifty dollars ($50) for the goods at the sale.

"Plaintiff's attorney, after the sale, and in order to save a lawsuit, offered to pay defendant's attorney the amount which the goods brought at the sale, for a return of them to plaintiff. This offer was declined."

The referee's conclusions of law were as follows:

"That goods intrusted to an agent to be sold on commission are not liable to distress for rent due by the agent.

"That plaintiff's goods on the premises 1907 Market St., Philadelphia, levied upon and sold by defendant at constable's sale, on the 10th day of January, 1888, were not liable to distress for rent due by S. C. Herbert, the tenant, and were unlawfully sold.

"That plaintiff was not bound to bring his action of replevin for said goods.

"That the action of trespass brought by the plaintiff in this case is properly brought and is sustainable.

"That the proper measure of damages, for goods sold under the circumstances of this case, is the value of the property at the time the sale was made, with interest thereon from date of sale.

"That judgment should be entered against defendant for $1,837.16."

Exceptions filed by the defendant were dismissed by the court without an opinion filed and judgment was entered for plaintiff.

*Error assigned,* inter alia, was the entry of judgment.

*E. Hunn Hanson,* for appellant.—In the case below every requirement of the first section of the act of 1772 was met by the landlord.   (1) The rent was due; (2) notice was given to the owner of the goods and he was invited to replevy as the act required, and the intended sale adjourned to give him time and opportunity to do so; (3) there was the requisite appraisement and due notice of the sale, and by failure of the owner of the goods to replevy the sale was a lawful one, and it would be strange indeed if for an act sanctioned by a statute and in terms made lawful, one who had committed the act could be held responsible in trover, trespass or other action : Caldcleugh v. Hollingsworth, 8 W. & S. 302.

There is no case since Caldcleugh v. Hollingsworth that has qualified or changed its decision.   In McElroy v. Dice, 17 Pa. 163, which was an action of trover, it was maintained, the defendant having distrained for more than was due; whereas the 1st sec. of the act of 1772 applies only when the distress was for the rent due.

Briggs v. Large, 30 Pa. 287, was trover for an irregular distress in which there was claimed to have been a waiver of the notice by the tenant, but as he had no authority so to act, the suit which was decided to have been rightly brought, this court in its opinion referred to Caldcleugh v. Hollingsworth on this point alone, and showed that while the tenant under the act of 1772 should have notice, he had no authority to waive it.

Hughes v. Stevens, 36 Pa. 320, was an act of trespass, not for a distress but to recover damages for cutting timber.

Bonsall v. Comly, 44 Pa. 442, was not within the act of 1772. It was a replevin brought to recover goods which were claimed to be exempt under the act of 1849; it was held that the writ did not lie.

Fretton v. Karcher, 77 Pa. 423, was trespass, the plaintiff contending (but unsuccessfully) the suit was under the third section of the act of March 21, 1772, which expressly gives such writ, but the suit in the form it was brought was upheld because it was plaintiff's right at common law where no rent was in arrears, as the tenant averred and as the jury found.

*Charles A. Chase, Charles C. Lister* with him, for appellee.—The statute does not take away the remedy by trespass or trover: Rees v. Emerick, 6 S. & R. 286 ; McElroy v. Dice, 17 Pa. 163 ; McDowell v. Shotwell, 2 Wharton, 26 ; Lane's Ap., 105 Pa. 49; Harvey v. Pocock, 11 M. & W. 740 ; Counah v. Hale, 23 Wend. 462.

Wallace v. King, 1 H. Black. 13, cited as questioning the right to bring trover for a wrongful distress, does not apply. It relates to cases where the distress was originally lawful, but some irregularity has intervened, such as at common law would have made the party a trespasser *ab initio.*

OPINION BY MR. JUSTICE WILLIAMS, March 7, 1892.

The remedy by distraint for rent in arrears rests, in this state, upon the act of March 21, 1772. The provisions of this statute authorize the seizure of the goods of the tenant upon the premises, and the pursuit and seizure of them off the premises, if they have been removed clandestinely by the tenant; and they furnish a code of procedure to be followed by the landlord in order to bring the articles distrained to sale. They prescribe also the method by which the tenant, or owner of the goods seized, may prevent the sale, and secure a decision of the questions on which the right to distrain depends ; such as the existence of a tenancy, the reservation of rent, the ownership of the goods, and the amount of the arrears. As the proceeding is statutory, the directions of the statute must be followed or its protection will be lost. If the seizure is irregular, it is a trespass. If the seizure is regular, but the subsequent steps are not in accordance with the statute, the landlord becomes a trespasser ab initio by his departure from the directions of the law under which he must justify, and may be sued in the same manner as any other trespasser. Thus, if the landlord, after a lawful seizure of goods on the premises, fails to procure an appraisement and to advertise the goods for sale, he becomes thereby a trespasser: Brisben v. Wilson, 60 Pa. 452. If the tenant has removed his goods clandestinely, the landlord may, within thirty days, pursue and seize them, but if, in the exercise of this right, he enters a house to make a search in which the goods are not found, he is a trespasser, and liable as

such: Hobbs v. Geiss, 13 S. &. R. 417. But if the landlord keeps within the path which the law prescribes, he is not a trespasser. If he includes in his distraint goods claimed by others, as bona fide purchasers, or as owners, and they wish to assert their title to such goods, their remedy is also prescribed by the statute. The goods were found in the possession of the tenant, with nothing to give notice of the fact that they were not his. They were, prima facie, liable to seizure for the rent in arrears. The owners come forward to make claim. The burden of proof is on them, and they must proceed in the manner directed, to make their title good against the landlord. This they are to do by an action of replevin: Caldcleugh v. Hollingsworth, 8 W. & S. 302. The act of 1772 makes this the method for the tenant or owner to pursue wherever he would contest the landlord's right to sell the goods seized by him. The application of these principles to the case now before us is easy. Spencer was the landlord. Harbert was the tenant, and in arrears for rent. He was a dealer in agricultural implements, and when the distraint was made, among other things seized was a pile of detached pieces of iron, comprising the unassorted castings used in making harvesting machines. The pile was seized and sold as a quantity of old iron. After seizure the agent of the plaintiff company appeared and claimed the iron as the property of his principal, the plaintiffs, and alleged that the articles were left for sale on commission with Harbert. The landlord then asked the agent to bring his action of replevin, and postponed the proceedings to afford him an opportunity. He decided not to do so, and gave notice of his decision to the landlord, who then proceeded and made sale regularly under his warrant. After the sale the plaintiffs brought this action of trespass to recover the value of the iron so sold. It is not alleged, that the landlord was guilty of any sin of omission or commission against the act of 1772, by which he was turned into a trespasser, but the authority of Caldcleugh v. Hollingsworth is denied, and the position assumed that the direction of the act is without effect. The tenant, or owner, may bring an action of replevin if he pleases. If he does not please to do so he may select such other form of action as suits him best. This is the effect of the plaintiff's contention. It

disregards the plain provisions of the act of 1772 and the decision of this court in Caldcleugh v. Hollingsworth. This renders the consideration of the other questions raised unnecessary.

The judgment is reversed.