James Snyder and George E. Snyder, trading and doing
   business under the firm name of Snyder Brothers *v.*
   S. B. Boring and W. S. Blair, Appellants.

*Landlord and tenant—Illegal distraint—Trespass.*

As the proceedings by which a landlord can lawfully sell goods dis-
trained for rent are statutory the direction of the statute must be strictly
followed or its protection will be lost.    If the seizure is irregular it is
trespass; if the seizure is regular but the subsequent steps are not in
accordance with the statute the landlord becomes a trespasser ab initio.

*Conditions precedent to a valid sale of goods distrained.*

The following conditions precedent are essential to a lawful sale of
goods distrained: Appraisement by two reputable freeholders.    Before
appraisement lawfully can be made, five full days must intervene after
distress taken and notice thereof.    Notice should be in writing and must
be sufficient to inform the tenant or owner what are the goods taken and
the amount of rent in arrear.

*Judicial sales—Evidence—Presumption of fairness.*

The legal presumption that a judicial sale was fair, continues until
overcome by sufficient proof that it was collusive or fraudulent.

Argued Feb. 10, 1897.    Appeal, No. 27, Feb. T., 1897, by
defendants, from judgment of C. P. Clearfield Co., Sept. T.,
1893, No. 343, on verdict for plaintiff.    Before Rice, P. J., Wil-
lard, Wickham, Beaver, Reeder, Orlady and Smith, JJ.
Affirmed.

Trespass.    Before Gordon, P. J.

The action was brought to recover damages sustained by rea-
son of the seizure and sale of certain personal property claimed
to be owned by plaintiff by virtue of a landlord's warrant
issued by S. B. Boring and directed to W. S. Blair, constable.

On May 8, 1893, the constable made his levy in writing and
gave a copy of it to the tenant and told him that unless rent
was paid he would proceed to sell according to law.    On May
25, the constable gave a written notice that an appraisement
would be held on the 30th day of May, on which day an ap-
praisement was made by three appraisers, no one of whom was
a freeholder.    The sale of the goods was made about June 11
or 12.

It further appears from the evidence that the plaintiffs in the case claimed to have become the owners of the goods distrained by virtue of a previous sheriff's sale, but left them upon the premises in the possession of Schettig the tenant.

Verdict and judgment for plaintiffs for $568.77. Defendants appealed.

*Errors assigned* were (1) in answering the defendants' first point, which point and answer are as follows:

"1. That under the law and the evidence in this case the plaintiffs are not entitled to recover. *Answer:* We decline so to instruct you."

(2) in answering the defendants' second point, which point and answer are as follows:

2. That if the jury find from the evidence in the case that actual notice of the distress was given to H. J. Schettig by W. S. Blair, constable, at least six days before appraisement and that the appraisement would be held unless the matter was settled, then you are instructed that such was a sufficient notice as there is nothing in law requiring notice of distress and appraisement to be in writing. *Answer:* We decline so to instruct you. It is true there seems to be a dearth of authority upon this question as to the character of the notice required, but a reading of the act of assembly would seem to mean that the notice contemplated is a notice in writing. It reads:

"And notice thereof, with the cause of such taking, left at the mansion-house or other most notorious place on the premises charged with the rent distrained for."

Now, it would seem that when the act provides that a notice shall be left on the premises that it contemplates a written notice that can be left there after the party giving it has departed; and we also find it laid down in 16 A. & E. E. of L. page 789 under the head Statutory Notice,—"The rule is well settled, that where a notice is required or authorized by statute, in any legal proceeding, it means written notice."

And to sustain that proposition a number of cases are cited but none of them are Pennsylvania cases. I also find a case in 4 Clark, 181, Trustees of St. Michael's Church v. The County of Philadelphia; in the syllabus of that case is this sentence: "Wherever notice is required under a statute, written notice is to be understood."

And it seems to be the law that where a notice is required and the act is entirely silent upon that, as a rule a verbal notice is sufficient; yet, we are of the opinion that in this case the notice contemplated by act of assembly should be in writing and the evidence, the uncontradicted evidence in the case, is that the only notice in writing that was given in this case was that served on the 25th of May, 1893, and there was no other notice, not even a parol notice, given prior to that time, such as would comply with the act even if a parol notice would be sufficient; so we decline to affirm that second point."

3. In answering the defendants' third point, which point and answer are as follows: (3) If you find that the proceedings under the warrant and distress were regular and legal, then the plaintiff cannot recover, as the goods were liable to levy and distress if they were on the premises whether they belonged to the tenant or to Snyder Brothers. *Answer:* That is a correct proposition of law; if the proceedings in distress were legal the goods on the premises would be liable to the distress; but we say to you and have already said to you, that in our opinion the proceeding of distress was illegal, that therefore the officer and the person issuing the warrant were not protected by it.

4. In answering the defendants' fourth point, which point and answer are as follows: " (4) If you find that the sheriff's sale of Schettig's goods to Snyder Brothers was fraudulent and intended to hinder and delay other creditors of Schettig, then they would acquire no such title as would enable them to recover in this case, and your verdict should be for the defendants whether the proceeding on the landlord's warrant was regular or not. *Answer:* That would follow if there was sufficient evidence in this case to warrant a finding that the sale was fraudulent; because it is true that if the plaintiffs must show that they are the owners of the property and also that the proceeding by distress was illegal, the burden is upon them to show both in this case, but as we have already instructed you in our opinion there is no evidence in this case such as would justify a jury in finding that there was fraud resorted to in this sale, and we therefore are compelled to withdraw that question from your consideration."

5. In charging the jury as follows: " The evidence here shows the date when this warrant of the justice of the peace was issued when the levy was made. It is claimed on the part of the de-

fendants that the levy was made on the 18th day of May, 1893, and it is also in evidence that the written notice to the tenant that the appraisement would be made was served upon him on the 25th day of May, 1893, and we say to you that there is not any evidence of prior legal notice of appraisement given in this case. It is true W. S. Blair, constable, testifies to having had conversation with the tenant prior to that time that he would proceed to execute the landlord's warrant if the money was not paid and that he would make an appraisment unless the matter was fixed up, or words to that effect, but in our opinion of the law, what he said prior to the service of the written notice was not a compliance with the act of assembly requiring five days notice of the making of any appraisement. There is no pretense or claim in this case that in any of these prior conversations the time was fixed when the appraisement would be made, and the notice in writing served on the 25th of May, having fixed a time when the appraisement was to be made, it would seem that that was notice which the parties adopted as the notice required by the act of assembly."

*A. L. Cole*, with him *H. A. Moore*, for appellants.—The appellants contend that the construction put upon the act of March 21, 1772 is not justified by the language thereof, nor by the decisions of the courts: Whitton v. Milligan, 153 Pa. 376; Furbush v. Chappell, 105 Pa. 187; Davis v. Davis, 128 Pa. 100.

*Roland D. Swoope*, with him *William F. Patton* and *W. C. Arnold*, for appellees.

OPINION BY RICE, P. J., April 12, 1897:

Before a landlord can lawfully sell goods distrained for rent he must "cause the goods and chattels so distrained to be appraised by two reputable freeholders." An appraisement by three persons was irregular. Besides that, it affirmatively appears that two of the appraisers were not freeholders, in any sense of the term, and that one of those was a minor. There was, therefore, no such appraisement as the law prescribes as a condition precedent to a lawful sale of the tenant's goods or of goods of a third person found upon the demised premises. "As the proceeding is statutory, the direction of the statute must be fol-

lowed or its protection will be lost. If the seizure is irregular, it is a trespass. If the seizure is regular, but the subsequent steps are not in accordance with the statute, the landlord becomes a trespasser ab initio by his departure from the directions of the law under which he must justify, and may be sued in the same manner as any other trespasser : " Esterly Machine Co. v. Spencer, 147 Pa. 466. The curative provisions of the 19th section of the act of parliament of the 11 Geo. II. Ch. 19, were not extended to Pennsylvania, and the law is imperative that before a sale can be lawfully made the wholesome provisions of the act of 1772 must be strictly complied with : Kerr v. Sharp, 14 S. & R. 399; Brisben v. Wilson, 60 Pa. 452; Richards v. McGrath, 100 Pa. 389, 399 ; Murphy v. Chase, 103 Pa. 260 ; Davis v. Davis, 128 Pa. 100 ; Wyke v. Wilson, 173 Pa. 12.

Before an appraisement can be lawfully made five clear days must intervene after the " distress taken and notice thereof, with the cause of taking, left at the mansion house, or other most notorious place on the premises charged with the rent distrained for " etc. We are of opinion that this notice should be in writing (Wilson v. Nightingale, 8 Ad. & El. ; 55 E. C. L. Rep. 1034), and be sufficient to inform the tenant or the owner what are the goods taken and the amount of rent in arrear : Kerby v. Harding, 6 Exch. 234. A mere schedule of the goods levied on, which does not contain notice of " the cause of taking " is not a compliance with the statute. It is not claimed that any other written notice was given until May 25th. The wording of this notice proves conclusively that it was intended as the notice prescribed by the statute, and the plaintiffs were entitled to five full days from the service thereof within which to replevy the goods. It follows that in any view of the case an appraisement on May 30th was premature : Brisben v. Wilson, 60 Pa. 452 ; Davis v. Davis, 128 Pa. 100.

Even if it was competent for the defendant to prove in defense to an action of trespass that the sheriff's sale by virtue of which the plaintiffs got title to the goods subsequently distrained was fraudulent as to creditors, the court was right in holding that there was not sufficient evidence of fraud to warrant the submission of the question to the jury. The legal presumption that a judicial sale was fair continues until overcome by sufficient

proof that it was collusive or fraudulent. Leaving the property with the former owner is not, of itself, sufficient evidence of collusion, "nor does it warrant an inference that the purchaser made an absolute gift or sale of it to him. In absence of affirmative evidence to the contrary the inference is that such leaving was an act of benevolence:" Maynes v. Atwater, 88 Pa. 496. Moreover, as the goods were left on the premises and were liable to seizure for the rent due to Boring (the landlord, and the defendant in the present case) we fail to see how the sale could have been fraudulent as to him.

Judgment affirmed.