# CASES

IN THE

# SUPERIOR COURT

OF

# PENNSYLVANIA.

---

## Harris v. Shaw.

*Landlord and tenant—Waiver of appraisement—Trespass.*

If in ignorance of a stranger's claim of title to goods on demised premises, the landlord accepts a waiver of appraisement from the tenant, the landlord in respect to such stranger is a trespasser, and if he sells the stranger's goods, he is liable to the owner in an action of trespass.

*Bailment—Conditional sale—Lease.*

A contract purporting to be a letting of personal property for hire on monthly payments for a term absolutely fixed with a right reserved to the lessor to compel restitution of the property on default of payment of any of the sums payable monthly, and with a provision added that the lessee on payment of a specified sum, after the expiration of the lease, may become the owner of the property, constitutes a bailment, and not a conditional sale.

In such a case the absence of a clause stipulating for a return of the property to the lessor at the expiration of the lease is immaterial, and it is also immaterial that the agreement provided that if the lessee should be deprived of the use of any of the property by reason of the assertion of a title superior to that of the lessor, the weekly rental should decrease in proportion to the value of the articles of which the lessee would thus be deprived.

Argued Dec. 12, 1900. Appeal, No. 203, Oct. T., 1900, by plaintiff, from order of C. P. No. 4, Phila. Co., Dec. T., 1899, No. 110, refusing to take off nonsuit in case of John D. Harris

v. Walter M. Shaw, Administrator of John Shaw, Deceased. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.    Reversed.

Trespass for an alleged wrongful sale of plaintiff's goods.

From the record it appeared that John Shaw leased premises used as a drug store to A. E. Norton. Plaintiff leased to Norton a soda water apparatus and other articles under an agreement which was as follows: ·

"I, Albert E. Norton, hereby agree to lease from ˙John D. Harris the several articles described in the schedule hereto attached for the period of sixty-four (64) weeks, and to pay for the hire thereof a monthly rent of twelve dollars and fifty cents per week and to keep the same in good repair and insure the same for the sum of eight hundred dollars, and I further agree not to remove any of the said articles from the premises S. E. Cor. 22 & Montgomery Av., without the written consent of the said John D. Harris. The said John D. Harris to have the right in default of any of the above payments of at the time specified or upon issuance of execution, attachment, distress for rent or like process, to immediately take possession of said property. I further agree that in the event of my being deprived of the use of the said articles, or any of them, by reason of any claim, demand or recovery based on a title to said articles, or any of them, superior to the title of John D. Harris thereto, to peacefully surrender the said articles, or any of them, to the person or persons justly entitled thereto and to make no demand or claim of any kind or nature for the loss thereof from or against John D. Harris, the weekly rent payable for the use of said articles to decrease in proportion to the value of the articles of which I may be deprived. Provided, however, that if, in addition to paying all the payments of rent as above, I also pay $25.00 within one month from the date of the last payment of rent, the said articles shall become mine, and John D. Harris shall give me a bill of sale therefor."

On May 31, 1899, John Shaw distrained on the property of Norton and on the leased property, and sold the same after having accepted from Norton a waiver of appraisement.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was in refusing to take off nonsuit.

*Alfred M. Mohr*, with him *Robert P. Reeder*, for appellant.—
If a stranger's goods found on demised premises are distrained
upon by the landlord for rent due by the tenant, and the same
are sold without having an appraisement made, but taking a
waiver of appraisement from the tenant, the landlord, so far as
said stranger is concerned, is a trespasser ab initio, although he
did not know that the goods did not belong to the tenant, and
although the goods distrained were not exempt from distress.
A fortiori, if he knew that the goods belonged to said third
party: Chestnut Street Nat. Bank v. Crompton Loom Works,
39 U. S. App. 225; Snyder v. Boring, 4 Pa. Superior Ct. 196;
Esterly Machine Co. v. Spencer, 147 Pa. 466.

A bailment for hire is not converted into a conditional sale
by a mere failure to stipulate for the return of the goods. If
the legal effect of the contract is to require the party designated
as bailee to purchase and pay for them at all events so that he
cannot return them except by way of breach of his contract,
then the transaction, although in form a lease, will be declared
a conditional sale; if he can without violating his contract re-
turn the goods, then the transaction is a bailment: Jones v.
Wands, 1 Pa. Superior Ct. 269; Edwards's Appeal, 105 Pa. 103;
Kestner & Lauer v. Keiser Cigar Company, 4 Pa. Dis. Rep.
480.

*A. C. Denniston*, with him *Robert J. Byron*, for appellee.—
The owner having notice of the distraint was bound to proceed
by replevin or not at all: Act of March 21, 1772, 1 Sm. Laws,
sec. 1, 370; Caldcleugh v. Hollingsworth, 8 W. & S. 302; Es-
terly Machine Co. v. Spencer, 147 Pa. 466; Brown v. Stack-
house, 155 Pa. 582; Bogert v. Batterton, 6 Pa. Superior Ct.
468.

The defendant below was no trespasser, because under the
circumstances of this case, the waiver of appraisement taken
was proper and sufficient: Morgan-Gardner Electric Co. v.
Brown, 193 Pa. 351; Farquhar v. McAlevy, 142 Pa. 233; Ott
v. Sweatman, 166 Pa. 217; Brunswick & Balke Co. v. Hoover,
95 Pa. 513; Ladley v. United States Express Co., 3 Pa. Superior
Ct. 149; Krause v. Com., 93 Pa. 418.

Whether or not the so-called "lease" was technically a lease or a conditional sale, the waiver was properly made by the tenant in this case and the sale was, therefore, valid: Briggs v. Large, 30 Pa. 287; Chestnut Street Nat. Bank v. Crompton Loom Works, 73 Fed. Repr. 614.

OPINION BY WILLIAM W. PORTER, J., April 16, 1901:

The rule that all goods upon demised premises are liable to distraint for rent still obtains in Pennsylvania, although subject to some exceptions. Where the landlord has followed with precision the provisions of the act of 1772, and in so doing has sold the goods of a stranger, he may not be held liable for a trespass: Toledo Tinware Mfg. Co. v. Duff, 15 Pa. Superior Ct. 383. But as the proceeding is statutory, the directions of the statute must be strictly followed, not only as to a seizure, but also as to all subsequent steps, otherwise the protection of the statute is lost: Snyder v. Boring, 4 Pa. Superior Ct. 196; Esterly Machine Co. v. Spencer, 147 Pa. 466. Assuming then, that the plaintiff in this case was the owner of the goods sold for rent due by the tenant, this action in trespass would not lie if the landlord had clearly followed the act of 1772. But the landlord accepted from the tenant a waiver of the appraisement required by the act, and in so doing lost the protection of its provisions: Briggs v. Large, 30 Pa. 287; Chestnut Street Nat. Bank v. Crompton Loom Works, 73 Fed. Repr. 614. If in ignorance of a stranger's claim of title, the landlord accepts a waiver of appraisement from the tenant, the landlord in respect to such stranger is none the less a trespasser. See cases above cited. It is true that it is the duty of the owner of goods levied upon for another's rent to bring replevin before their sale, if he have knowledge of the distraint and opportunity to take out his writ, and that it is the landlord's duty to give him such opportunity. But if the owner of such goods fails to replevy them, it does not follow that he loses his right to sue in trespass, if the landlord, by failure to proceed strictly within the act of 1772, renders himself "a trespasser ab initio by his departure from the directions of the law:" Esterly Machine Co. v. Spencer, supra; Snyder v. Boring, supra; Davis v. Davis, 128 Pa. 101.

In this case the goods sold by the landlord consisted of a

number of pieces of personal property, being a part of the contents of a drug store. In proving his ownership the plaintiff offered in evidence a written agreement between himself and the tenant which he claims shows that the property was in the tenant's possession under a lease. The defendant claims that the agreement is not one of bailment but a conditional sale. Thus again are we confronted with a much litigated question, which, in nearly every case, involves the interpretation of a different form of writing, thus rendering precedent of diminished value. The contract in this case is one of bailment. It is by expression and intention a letting for hire on monthly payments for a term absolutely fixed. The right of the lessor is reserved to compel restitution of the property on default of payment of any of the sums payable monthly. A provision is added that the lessee on payment of a specified sum, after the expiration of the lease, may become the owner of the property. This constituted a letting as distinguished from a conditional sale (see Lippincott v. Scott, 198 Pa. 283), the purpose of the parties being honest and there being no evidence of concealment of its true nature, as to creditors : Keystone Watch Case Co. v. Fourth St. Nat. Bank, 194 Pa. 537. The absence of a clause stipulating for a return of the property to the lessor at the expiration of the lease is not fatal to this construction : Jones v. Wand, 1 Pa. Superior Ct. 269 ; Edwards's Appeal, 105 Pa. 103. The agreement also provides that if the lessee is deprived of the use of any of the property by reason of the assertion of a title superior to that of the lessor, the weekly rental shall decrease in proportion to the value of the articles of which the lessee is thus deprived. This clause does not affect the view that the contract is one of bailment, although it may, perhaps, have significance in connection with the proof of the plaintiff's title in respect to some of the goods leased. There was, however, sufficient evidence of ownership of the property by the plaintiff to carry the case to the jury, under proper instructions respecting the character and credibility of the proofs and testimony in this regard.

The court below has not indicated upon what ground the nonsuit was entered in this case. We are unable to sustain the judgment which we reverse and award a venire facias de novo.