## Oliver v. Wheeler, Appellant.

*Landlord and tenant—Wrongful distress—Hotel—Boarder—Trespass.*

Where a constable at the instance of the lessor of a hotel breaks into the room of a boarder, and seizes and sells for rent a piano belonging to the boarder, he will be liable in damages to the boarder in an action of trespass.

*Actions—Parties—Joint tort feasors—Amendment.*

Where an action is brought against a landlord and a constable for a wrongful distress, and the course of the trial and the evidence shows that the plaintiff was seeking to recover a verdict against the constable only, the appellate court may permit the statement to be amended by striking out the name of the landlord.

Argued May 17, 1904.   Appeal, No. 157, April T., 1904, by defendant, from judgment of C. P. Erie Co., on verdict for plaintiff in case of Margaret Oliver v. J. E. Wheeler, Constable and Eva J. Hill-Frey.   Before Rice, P. J., Beaver, Orlady, Porter, Morrison and Henderson, JJ.   Affirmed.

Trespass for the wrongful taking and selling of a piano. Before Lindsey, P. J.

The opinion of the Superior Court states the case.

*Error assigned* among others was refusal of binding instructions for defendant.

*A. B. Osborne*, of *Yard & Osborne*, with him *W. Ed. Marsh*,

for appellant.—Under the declaration and the evidence trespass cannot be maintained, replevin being the remedy for the acts complained of: Lengert Co. v. B. & L. Assn., 15 Pa. Superior Ct. 380; Clark v. Lindsay, 7 Pa. Superior Ct. 43.

A joint conversion is expressly charged and the total failure to offer any evidence connecting Mrs. Frey with the case constitutes a fatal variance between the averments in the declaration and the proof on the trial: Wiest v. Traction Co., 200 Pa. 148; Minnich v. R. R. Co., 203 Pa. 632; Goodman v. Coal Twp., 206 Pa. 621; Bard v. Yohn, 26 Pa. 482; Klauder v. McGrath, 35 Pa. 128.

*J. W. Sproul,* with him *U. P. Rossiter,* for appellee.—In an action against a constable for making a distress as bailiff, he can only justify by showing that there was rent in arrear; the landlord's warrant is no protection: Wells v. Hornish, 3 P. & W. 30; McElroy v. Dice, 17 Pa. 163.

The goods of a boarder are not liable to be distrained for rent due by the keeper of the boarding house: Riddle v. Welden, 5 Wharton, 9.

In the following cases trespass was held to be the proper remedy where the seizure was regular, but the appraisement was omitted or improperly or prematurely made: Snyder v. Boring, 4 Pa. Superior Ct. 196; Hazlett v. Mangel, 9 Pa. Superior Ct. 139.

The law is the same whether the irregularity is in the making of the distress or the subsequent proceedings: Machine Co. v. Spencer, 147 Pa. 466; Snyder v. Boring, 4 Pa. Superior Ct. 196; Brown v. Stackhouse, 155 Pa. 582.

This is not a case of alleged joint tort, but a case against a bailiff for illegally seizing and selling the plaintiff's piano on a landlord's warrant. The bailiff is the only one charged with the actual trespass, and the landlord is charged with directing it to be done.

OPINION BY ORLADY, J., July 28, 1904:

This action of trespass was brought by Margaret Oliver against J. E. Wheeler and Eva J. Hill-Frey to recover damages for the value of a piano owned by the plaintiff, and seized and sold by J. E. Wheeler. The plaintiff recovered a verdict of

$363.50. Miss Oliver was a boarder at the Phœnix Hotel, conducted by Oliver English, and of which Mrs. Frey was the owner. There being rent in arrear, a landlord's warrant was placed by Mrs. Frey in the hands of Wheeler, a constable, who levied upon a piano of the plaintiff's, which was in a room in the hotel occupied exclusively by her. The constable was given immediate notice that she was but a guest of the hotel, and that the piano was her private property. Fourteen days thereafter the constable broke open the door of Miss Oliver's room, took out the piano and sold it.

This action of trespass was brought jointly against the constable and owner of the hotel, though the statement does not allege that the seizure of the plaintiff's goods was by virtue of a landlord's warrant, further than to suggest that, " The said Wheeler, at the instance and request of said Frey, did sell, take away and convert unlawfully and illegally the said piano."

On the trial there was no attempt made to justify the seizure under a landlord's warrant. No lease was offered in evidence; no rent was shown to be in arrear; no landlord's warrant or notice of distress or appraisement were offered, nor was there any denial that the property sold belonged exclusively to the plaintiff, who was a boarder in the hotel. The appellant urged that this action of trespass was erroneously brought and that the action should have been in replevin. There is nothing in this record to suggest any vindication of the defendant's conduct under a landlord's warrant.

It was held in Brown v. Stackhouse, 155 Pa. 582, " That a landlord who distrained upon goods, knowing them to be the property of another, left with a tenant for sale on commission, is a trespasser ab initio, and is liable to the owner of the goods in the action of trespass."

As the proceedings by which landlord seizes goods under a distraint for rent, are statutory, the direction of the statute must be strictly followed or its protection will be lost. If the seizure is irregular, it is trespass; if the seizure is regular, but the subsequent steps are not in accordance with the statute, the landlord becomes a trespasser ab initio: Snyder v. Boring, 4 Pa. Superior Ct. 196. As far as the liability for a tortuous sale is concerned it is immaterial whether the property be-

longs to a tenant or to a stranger: Hazlett v. Mangel, 9 Pa. Superior Ct. 139; Harris v. Shaw, 17 Pa. Superior Ct. 1. The goods of a boarder are not liable to be distrained for rent due by the keeper of a boarding house: Riddle v. Welden, 5 Wharton, 9; Karns v. McKinney, 74 Pa. 387; Myers v. Esery, 134 Pa. 177. The constable's forcible entry into the room and the tortuous taking of the piano were without warrant of law, and a landlord's warrant would be no protection for such conduct. The action was properly brought in trespass.

The appellant's second contention is that the two defendants were sued jointly in trespass, and there could not be a recovery against one when there is no evidence to submit to the jury as to the other. The record discloses the fact that at the conclusion of the testimony, there was no evidence to submit to the jury affecting Mrs. Frey as a trespasser, and counsel for the plaintiff so stated and requested that the case be submitted to the jury as to Wheeler alone. To this the court assented, and, as shown by the charge of the court, the consideration of the jury was limited to the claim of the plaintiff against J. E. Wheeler.

The course of the trial and the evidence offered clearly showed that the plaintiff was not seeking to recover a verdict against Mrs. Frey, but that her claim was confined exclusively to Wheeler. An amendment of the statement would, undoubtedly, have been permitted if it had been made at that time. The defendant was not in any way surprised, and had a full and fair trial on the merits. This was conceded on argument at bar in this court, and an amendment of the statement was allowed to be filed nunc pro tunc. This has been frequently been done and is recognized as an established practice. In Trego v. Lewis, 58 Pa. 463, it was held that: "Amendments which tend only to defend the interests of justice are not only proper but necessary, and should always be allowed. The legislature is leading the way to the making of amendments of the most vital character; altering names, changing and adding names of parties and even striking out parties, who were named, have been included. It becomes us to keep pace with legislative reforms instead of lagging in its rear." Cohn v. Scheuer, 115 Pa. 178.

In Brown v. Commonwealth, 78 Pa. 122, an indictment

was found in the quarter sessions, but entitled in the oyer and terminer where it was tried, and the Supreme Court held that the caption might be amended after trial, conviction, sentence, and writ of error, and before the record had been returned. The court said : " Where the court has the power, and exercises it properly, this court will not inquire into the state of the record before the return of the writ, but will look only at its conditions when returned in obedience to the writ. If then it appears to be regular its previous condition will be disregarded. Our province is not to look for errors merely to reverse, but to look for merits in the case of reversal ; and when we find that the court below has done no more then it could rightly do, and when what it did infringes no right or substantial interest of the prisoner, we ought not to send back for retrial, a cause fully, fairly and justly determined. We think this assignment of error, when examined, is found to be without substantial merit. The day of mere technicality has passed, and the courts should look more at substantial justice than artificial nicety: Commonwealth v. Keenan, 67 Pa. 203 ; Girts v. Commonwealth, 22 Pa. 351. See also 16 P. & L. Dig. of Dec. col. 27,663–27,665."

Appellant relied upon Wiest v. Traction Company, 200 Pa. 148, which was supposed to work radical changes in the practice theretofore recognized, and in regard to which the Supreme Court said in Rowland v. Philadelphia, 202 Pa. 50, "It was not, however, intended to intimate that a mistake in bringing a joint action could not be cured by proper amendment. The thought was not fully developed but the conditions presented emphasized the necessity for amendment." And in Minnich v. Electric Railroad Co., 203 Pa. 632, referring to Howard v. Union Traction Company, 195 Pa. 391, Dutton v. Lansdowne Borough, 198 Pa. 563, and Wiest v. Electric Traction Company, supra, the Supreme Court says : " The point decided in these three cases was, that where a joint tort is alleged, it must be proved, and if the proof is only of a tort by one defendant, or of separate torts by different defendants the action cannot be sustained against any of them. In such cases the plaintiff may amend his declaration and proceed against the party liable under the proofs adduced, subject to the defendant's right of a continuance." See Goodman v. Coal Township, 206 Pa. 621.

· The landlord was eliminated from the case by a practical amendment of the plaintiff's claim before it was submitted to the jury, and the verdict was confined to the only wrongdoer. The assignments of error are not sustained, and the judgment is affirmed.