# Welsh v. Warrington, Appellant.

*Landlord and tenant—Sale of stranger's goods—Notice—Description of goods.*

Where in an action of trespass against a landlord for an alleged wrongful conversion and sale of a stranger's goods taken by distress on the premises of a tenant, the evidence as to the description and identity of the property in controversy is confusing and uncertain, the case should be submitted to the jury under proper instructions.

Argued Dec. 14, 1904. Appeal, No. 194, Oct. T., 1904, by defendant, from judgment of C. P. No. 3, Phila. Co., March T., 1903, No. 3374, on verdict for plaintiff in case of Frank C. Welsh v. Joseph Warrington. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Trespass for alleged wrongful conversion of goods. Before FINLETTER, P. J.

Plaintiff's statement was as follows:

The plaintiff heretofore, to wit: on March 31, 1902, to wit: at the county aforesaid, was lawfully possessed as of his own property of certain goods and chattels, to wit: One eighteen-foot beveled glass rosewood cigar case with Tennessee

marble base, one fifteen foot wall cigar case with French plate door and shelving under same, and one large French plate bevel mirror four feet by nine feet with mahogany imitation frame, being together of the value of $500.

That the said goods and chattels were taken possession of by the said defendant under the following circumstances: The plaintiff had previously leased the said goods and chattels to one John P. Brown, who was a tenant of the defendant of a store situate No. 1,214 North Eleventh street in the city of Philadelphia in which store the said goods and chattels were taken possession of by the said defendant on March 31, 1902, under an alleged claim of damages by defendant against the said John P. Brown, and with which plaintiff and the said goods and chattels were in no way connected or liable for.

That on March 31, 1902, the plaintiff desiring to have again' and remove his said goods and chattels, the possession to which he avers he was then legally entitled, requested the defendant who had the custody of and who had taken possession of the same, to deliver them up to him, but the said defendant well knowing the same to be plaintiff's property refused to give them to plaintiff and on said March 31, 1902, at Philadelphia aforesaid, fraudulently converted the same to his own use. To the damage of said plaintiff of $500 with interest thereon from March 31, 1902, which he avers is justly due and owing to him from the defendant.

At the trial plaintiff testified without contradiction that the goods were worth $300. The evidence as to the description and identity of the property was confusing and uncertain. There was some testimony that plaintiff had notice of the distress several days before the sale.

The court charged " You will render a verdict for the value of the specific articles which in your estimation the evidence established to be the property of the plaintiff."

Verdict and judgment for plaintiff for $318. Defendant appealed.

*Error assigned* was the charge of the court, quoting it.

*George Robinson*, with him *F. C. Menamin*, for appellant.— There was no evidence whatever of the value of the goods,

collectively or separately, at the time of the alleged conversion to submit to the jury so they could find the value of any specific article.

The question of notice, as held in Rhines et al. v. Baird, 41 Pa. 256, should have been left to the jury, and as the plaintiff had notice it would bring this case under the line of cases where it is held that the owner of a chattel in possession of a tenant, distrained on and sold for rent, cannot maintain trover or trespass for it against the landlord : Esterly Machine Co. v. Spencer, 147 Pa. 466 ; Bogert v. Batterton, 6 Pa. Superior Ct. 468; Lengert Co. v. Bellevue Bldg. & Loan Assn., 15 Pa. Superior Ct. 380 ; Caldcleugh v. Hollingsworth, 8 W. & S. 302.

*Allen Gangewer*, for appellee.—If the distress is known before the sale and the owner of property distrained upon receives notice of the fact before the sale, and is given time and opportunity to protect himself, then it is his duty to protect himself and bring replevin, but it is otherwise in a case like the one at bar, where the plaintiff had absolutely no notice of the distraint, but on the other hand the fact that a distress had been made was concealed from him.

There was no evidence to show that the constable followed the directions of the Act of March 21, 1772, 1 Sm. L. 370 by giving notice to the tenant or the owner of the property or that an appraisement was made as required by the act : Snyder v. Boring, 4 Pa. Superior Ct. 196; Kerby v. Harding, 6 Exch. 234.

In this case there was absolutely no notice given either to the tenant or the owner. If there had been it should have been shown affirmatively : Sassman v. Brisbane, 7 Phila. 159 ; Tinware Manufacturing Co. v. Duff, 15 Pa. Superior Ct. 383.

If a stranger's goods found on demised premises are distrained upon by the landlord for rent due by the tenant, and the same are sold without having an appraisement, the landlord, as far as such stranger is concerned, is a trespasser ab initio, although he did not know that the goods did not belong to the tenant. If he knew that the goods did not belong to the tenant there is greater reason for his liability : Chestnut St. Nat. Bank v. Crompton Loom Works, 39 U. S. App. 225 ; Snyder v. Boring,

4 Pa. Superior Ct. 196 ; Esterly Machine Co. v. Spencer, 147 Pa. 466 ; Harris v. Shaw, 17 Pa. Superior Ct. 1.

OPINION BY ORLADY, J., July 13, 1905 :

In Snyder v. Boring, 4 Pa. Superior Ct. 196, President Judge RICE brings together a number of authorities which establish conclusively the necessity for a strict observance of the statutory directions to be followed by a landlord when asserting his right to sell goods distrained for rent.

The evidence adduced by the plaintiff as to the value of the goods being uncontradicted, it was sufficient to sustain the verdict, and the court below did not commit an error in submitting that question for the consideration of the jury (Blair v. Boring, 200 Pa. 27 ; Seidel v. Sperry, 26 Pa. Superior Ct. 649), yet there was a radical controversy as to the knowledge of the landlord in regard to the conditions under which the articles were on the leased premises, and as to the date when notice and demand were made for the return of the property by Brown to Welsh. The constable who executed the landlord's warrant testified, " that after the expiration of five days I posted the bills and sold them out, having appraised the goods," but the description and identity of the property are so confusing and uncertain that the case should have been submitted to a jury under proper instructions rather than to direct a verdict for the plaintiff.

The judgment is reversed and a venire facias de novo awarded.