## Manegold *v.* Quinn, Appellant.

*Landlord and tenant—Distress for rent—Constable's sale—Statutory requirements—Appraisement by two reputable freeholders—Notice—Description of goods—Notice to tenant—Notice to owner—Actions—Trespass—Replevin.*

1. A person claiming personal property by virtue of a constable's sale under a distress proceeding for rent in arrears, must show affirmatively that all the statutory requirements of such sale have been complied with; such, for instance, that an appraisement has been made by "two reputable freeholders." He must also show that a proper description of the property was given in the notice of seizure and sale. A description in the notice that the property seized was a "Meyer" upright piano is fatally defective, where it appears that the piano was in fact an "Opera" upright piano.

2. A notice given to the tenant of the seizure and sale of the goods will not be a notice to the owner unless the notice properly describes the goods seized.

3. Where the proceedings on a landlord's warrant of distress are so irregular and illegal that the sale under the warrant does not pass title, the owner of the goods may subsequently sue either in replevin or trespass.

Argued Nov. 16, 1910. Appeal, No. 212, Oct. T., 1910, by defendant, from judgment of C. P. Berks Co., Dec. T., 1908, No. 49, for plaintiff non obstante veredicto in case of

F. A. Manegold v. Michael C. Quinn.   Before RICE, P. J., HENDERSON, MORRISON, HEAD, BEAVER and PORTER, JJ. Affirmed.

Replevin for a piano.   Before ENDLICH, J.

At the trial the jury returned a verdict for the defendant.

On a motion for judgment for plaintiff non obstante veredicto ENDLICH, P. J., filed the following opinion:

At the trial, there being no facts in dispute, plaintiff asked for binding instructions in his favor.   The request was declined, a verdict directed for defendant, and a rule for judgment for plaintiff upon the whole record, notwithstanding the verdict, granted.   Since under the Act of April 22, 1905, P. L. 286, such a judgment may be entered: Murphey v. Greybill, 34 Pa. Superior Ct. 339, 343, 334, the course adopted was unobjectionable: see Fisher v. Scharadin, 186 Pa. 565.

In December, 1907, one Shewell, under a written contract, hired from Manegold & Britz an "Opera" upright piano.   It was at once delivered to him at No. 652 Schuylkill avenue, Reading, where he resided with his mother, Mrs. Keim, the tenant of the premises, rooming and taking his meals there and paying a stipulated weekly board.   In May, 1908, upon default by Mrs. Keim in the payment of rent, a landlord's distress warrant was issued against her, under which the piano was seized and removed to a storehouse and subsequently sold to Mengel, from whom defendant purchased it.   In his possession it was replevied by the plaintiff, who admittedly was its owner at the time of the seizure, who had no notice of the distress proceedings and who contends that they were unlawfully conducted and therefore void as against him.   The defendant claiming title by virtue of a constable's sale under the distress proceedings for rent in arrear, the burden was upon him to show affirmatively that all the statutory requirements of such a sale had been complied with, and

the constable acting as the agent of the landlord and not as a public officer, in the discharge of that burden the defendant was not aided by any presumption in favor of the regularity and legality of the acts of public officers. These principles are clearly established by a number of decisions, among which may be cited: Murphy v. Chase, 103 Pa. 260; Davis v. Davis, 128 Pa. 100; Ramsdell v. Seybert, 27 Pa. Superior Ct. 133.

One of the objections here urged is the failure to show that the appraisement required by the statute was made by "two reputable freeholders" as therein directed. According to National Cash Reg. Co. v. Kirkpatrick, 16 Pa. Dist. Rep. 256, this would seem to be a fatal defect. Not less serious appears to be the objection based upon the character of the notice of seizure and sale given in this instance. The notice exacted by the statute, manifestly designed not only to attract bidders to the sale but to apprise anyone having a claim upon or interest in the property of its imminence, must "be sufficient to inform . . . . the owner what are the goods taken:" Snyder v. Boring, 4 Pa. Superior Ct. 196, 200. If its description of the property be such as to make it doubtful as a matter of fact whether it answered that purpose or not, its sufficiency may become a question for the jury: Welsh v. Warrington, 28 Pa. Superior Ct. 229. But where it is palpably and necessarily misleading as to the identity of the goods seized, so as effectually to throw the owner off his guard, it cannot but be adjudged bad as a matter of law. Here the notice specified the piano seized, not as an upright "Opera" piano, but as a "Meyer" piano. That this notice not only was incapable of informing the plaintiff of the seizure of his piano, but if come to his attention was bound to mislead him on that point can hardly be disputed. It was in fact no notice at all of the seizure that had been made, but of something else that had never occurred—none of a sale that was going to be made, but of one that was never to take place.

The only conclusion permissible under these circum-

stances appears to be that, so far as the plaintiff's title to the piano is concerned, the distress proceeding was incapable of affecting it, that therefore the purchaser under it took nothing, and that his vendee, the defendant, acquired no right which he can assert against the plaintiff in this action. In this view it is unnecessary to decide whether the form of the oath administered to the appraisers was a sufficient compliance with or a fatal departure from that prescribed by the statute—or whether or not the piano was exempted from seizure for arrears of rent due by Mrs. Keim as the property of a "boarder," within the ruling in Riddle v. Welden, 5 Whart. 9; Oliver v. Wheeler, 26 Pa. Superior Ct. 5, and similar cases.

It was agreed upon the trial that the value of the piano is $350. For this amount, with interest from November 25, 1908, the plaintiff is entitled to judgment.

And now, May 2, 1910, the rule to show cause is made absolute and it is ordered that all the evidence taken upon the trial of this cause and certified be filed as part of the record thereof—that judgment be entered for plaintiff upon the whole record, notwithstanding the verdict, for $350 and interest thereon from November 25, 1908—and that an exception be granted to defendant to the action of the court in the premises.

On a motion for reargument ENDLICH, P. J., filed the following opinion:

A reargument was granted in this case because of certain well-founded criticisms of the disposition made of it in the opinion filed May 2, 1910, reported in 2 Berks County L. J. 263. A very careful reconsideration of the matters previously advanced in support of this rule, and an equally careful consideration of what has been newly urged in defendant's behalf upon the reargument, have, however, led to the same conclusion previously reached.

1. It is needless to recite the decisions establishing the fundamental proposition that the defendant claiming title by virtue of a constable's sale under a distress proceeding

for rent in arrear, must show affirmatively that all the statutory requirements of such sale have been complied with, and that, the constable acting as the landlord's agent and not as a public officer, the defendant is not aided in the discharge of that burden by any presumption in favor of the regularity and legality of the acts of public officers.

2. Remembering the purpose of the notice of seizure and sale prescribed by the statute and the rule laid down in Snyder v. Boring, 4 Pa. Superior Ct. 196, 200, as to its sufficiency, it can hardly be doubtful that a notice positively misleading on the point of the identity of the goods seized and thereby throwing the owner off his guard, is a fatal departure from the requirements of the statute. Nor in this respect does it appear to help the defendant here that the notice given described the piano seized as a "Meyer" upright piano (instead of simply a "Meyer" piano, as assumed in the opinion heretofore filed), when in fact it was an "Opera" upright piano. The one was quite as likely to deceive the plaintiff as the other. The piano he had hired to Shewell was an upright "Opera." The distress proceeding was against Mrs. Keim, in whose house Shewell had a room. The plaintiff, seeing that in that proceeding an upright "Meyer" piano had been seized, was not bound to suppose that there was no such piano there belonging to Mrs. Keim, and that the instrument seized was his wrongly described.

3. It is contended, however, that under our statute permitting the notice to be given to the tenant or the owner of the goods, if it be so given the tenant is the agent of the owner for the purpose of transmitting it to the owner: Caldcleugh v. Hollingsworth, 8 W. & S. 302, 303; that therefore, the fact here being that notice of the seizure of the piano in question was given to Mrs. Keim, who could be under no misapprehension as to its identity, it must be considered that plaintiff had notice of the seizure of his piano; and that thereupon, under the ruling in the case just cited and in that of Esterly Machine Co. v. Spencer,

147 Pa. 466, the only remedy of the plaintiff was an action of replevin brought "within five days next after such distress taken, and notice thereof," under sec. 1, Act of March 21, 1772, 1 Sm. L. 370. The answer to the contention that the tenant is the agent of the owner for the purposes of the notice required is that it can apply only where the notice is such as satisfies the demands of the statute. The decision in Briggs v. Large, 30 Pa. 287, 291, explains Caldcleugh v. Hollingsworth, 8 W. & S. 302, as not intended to recognize any authority in the tenant, as agent of the owner, to waive anything by the statute made essential in the proceeding. The same doctrine is held in Toledo Tinware Mfg. Co. v. Duff, 15 Pa. Superior Ct. 383, and Harris v. Shaw, 17 Pa. Superior Ct. 1. Accordingly a notice to the tenant can be a notice to the owner only where, if given to the latter directly, it would have been such notice as the law required—such as would have informed him of the identity of the article seized with that belonging to him. As already seen, the notice given in this case was not such, and for the purpose of waiving its defect the tenant cannot be regarded as the plaintiff's agent. The fact thus being that the plaintiff had no lawful notice of the seizure of his piano, the principle which would restrict him to a reclaiming of his property within five days thereafter does not apply to him. As explained in Brown v. Stackhouse, 155 Pa. 582, it applies only where the owner has notice. And so, in Harris v. Shaw, 17 Pa. Superior Ct. 1, it is said at p. 4, that "it is the duty of the owner of the goods levied upon for another's rent to bring replevin before their sale, if he have knowledge of the distraint and opportunity to take out his writ."

4. Finally, it is urged that if the plaintiff had any right to sue for the seizure of his piano, his remedy was not an action of replevin, but an action of trespass. No doubt where the landlord fails to proceed strictly in compliance with the act of 1772 and by departing from it renders himself a trespasser ab initio, he makes himself liable to an action of trespass: Davis v. Davis, 128 Pa. 100, and

accordingly the right of the owner to maintain such action against him has been repeatedly recognized: Davis v. Davis, 128 Pa. 100; Esterly Machine Co. v. Spencer, 147 Pa. 466; Brown v. Stackhouse, 155 Pa. 582; Snyder v. Boring, 4 Pa. Superior Ct. 196; Toledo Tinware Mfg. Co. v. Duff, 15 Pa. Superior Ct. 383; Harris v. Shaw, 17 Pa. Superior Ct. 1. But it does not appear to have been decided that he cannot maintain replevin. So to hold would seem to involve the contradictory propositions, (a) that the owner of goods sold by way of distress without lawful notice to him is not affected by the statutory limitation of the action of replevin within five days after seizure, and (b) that that provision cuts him out of the remedy by replevin except within the period thus limited. If unaffected by the provision, it is difficult to see why he should not be entitled to any one of the remedies that are appropriate to the kind of redress he seeks. Trespass for the recovery of damages would undoubtedly lie, if he chose that form of redress. But if he prefers to proceed for the goods taken, replevin is appropriate; for under our law it may be maintained wherever one claims goods in the hands of another, without regard to the manner in which possession was obtained: Herdic v. Young, 55 Pa. 176; Ferguson v. Lauterstein, 160 Pa. 427.

In conclusion it may be proper to notice the suggestion made by counsel for defendant that the agreement, at the trial, fixing the value of the piano at $350 was inadvertent, and unjust to the defendant—a suggestion intended not as laying a substantive ground for setting aside the verdict, but as indicative of a circumstance calculated to emphasize the hardship on the one hand and the undue advantage on the other resulting from it. The value of the piano, in December, 1907, as appears from the contract, was $375. The sum of $68.00 was paid upon the contract, i. e., $40.00 allowed for an organ taken in exchange and $10.00 paid in cash being agreed to be "the rent for the first month only," and the remainder being paid subsequently. The instrument was sold after it had been in

use for about five months, having been appraised at $160. It may, indeed, appear that the deduction of $25.00 for deterioration incident to that use is less than might have been expected: But there is nothing to show that as a matter of law it is wrong. To a credit for payments previously made upon it, the defendant can hardly be looked upon as entitled. As between plaintiff and defendant the question was one simply of the then value of the instrument; and upon that question the agreement of the parties is conclusive upon the court, at least in the absence of facts plainly indicative of mistake by data leading with certainty to a different estimate.

And now, August 20, 1910, the order made May 2, 1910, is confirmed.

*Error assigned* was in entering judgment for plaintiff n. o. v.

*Cyrus G. Derr*, with him *Edward S. Kremp* and *Ralph H. Mengel*, for appellant.

*Isaac Hiester*, with him *Walter S. Young*, for appellee.

OPINION BY MORRISON, J., March 3, 1911:

This is an action of replevin for a piano, the title to which is conceded to have been in appellee prior to an attempt to sell the same on a landlord's distress warrant for rent, and the purchase and taking possession of the same by the appellant. The important questions below were: (a) Were the proceedings on the landlord's warrant so illegal as to pass no title to the appellant for the piano? (b) If the above question is answered in the affirmative could the owner of the piano, appellee, maintain replevin therefor after five days from the seizure and such notice as was given in the present case, or was his only remedy an action in trespass?

The above questions have been carefully considered and correctly ruled by the learned court below in his opinion

granting judgment non obstante veredicto in favor of the appellee, and in his opinion on a reconsideration of that judgment; and after a careful consideration of the very clear and able arguments of the learned counsel for the respective parties we do not see that we can profitably add much to what has been so well said by the lower court.

We fully concur with the court below that the proceedings on the landlord's warrant were so irregular and illegal that the sale did not pass to appellant, the title of the appellee to the piano. And that in such case it is optional with the owner to sue either in replevin or in trespass.

The assignments of error are all dismissed and the judgment is affirmed.