## National Cash Register Co. v. Allen et al.

*Replevin—Title—Burden of proof—Appraisement.*

1. The burden is on defendant claiming title by constable's sale in replevin to show in detail rent due, issue of landlord's warrant, describing it, date of distraint or levy, notices, appraisement, when made, how made, and notice of sale, when given and consummated.

2. The defendant is not aided by any presumption in favor of the legality of the acts of public officers, because the constable acts as the agent of the landlord and not as a public officer.

Replevin. Exceptions to affidavit of defence. C. P. Luzerne Co., March T., 1926, No. 1219.

*Reynolds & Reynolds*, for plaintiff; *David Rosenthal*, for defendants.

JONES, J., Jan. 10, 1927.—Writ of replevin to recover a cash register and a return *nihil habet* as to Allen, defendant, and Philip Herschenfeld, summoned, in whose possession the register was found, and, upon a petition, permitted to retain the property and intervene as a party defendant.

To plaintiff's declaration, defendant filed an affidavit of defence setting up title to the cash register by virtue of a constable's sale under a distress proceeding for rent in arrears, averring sale after levy and appraisement and notices posted according to law by virtue of the landlord's warrant.

Claiming title by virtue of a constable's sale under a distress proceeding, the burden is upon defendant to show affirmatively that all the statutory requirements of such sale have been complied with, and, in the discharge of that burden, the defendant is not aided by any presumption in favor of the legality of the acts of public officers, because the constable is considered as acting as the agent of the landlord and not as a public officer: Davis v. Davis, 128 Pa. 100; Ramsdell v. Seybert, 27 Pa. Superior Ct. 133. In the case of Manegold v. Quinn, 45 Pa. Superior Ct. 482, it was held that the landlord must show affirmatively that an appraisement had been made by two reputable freeholders, and that a proper description of the property was given in the notice of the seizure and sale.

This affidavit simply states bare conclusions of law, which is insufficient. Defendant must specify in detail all the statutory requirements or steps, such as rent due, the issuing of a landlord's warrant, describing it, the date of the distraint or levy, notices, appraisement, when made, how made, notice of sale, when given and consummated.

For the reasons herein given, the affidavit is deemed insufficient, but leave is granted the intervening defendant to file a supplemental affidavit of defence within ten days after notice hereof, otherwise the rule will be made absolute.

From Frank P. Slattery, Wilkes-Barre, Pa.