## Maytag Eastern Sales Company v. Washburn et al.

*Alfred T. Steinmetz*, for plaintiff.

*Henry Arronson* and *Simon Pearl*, for defendants.

HEILIGMAN, J., Dec. 24, 1930.—This is a rule for judgment for want of a sufficient reply to defendant's affidavit of defense and counterclaim. The pleadings show that A. B. Moore, constable, one of the defendants, made a distress for rent in arrears upon the goods of the other defendant, Isabella Washburn, on April 11, 1930. On the same day, after the levy, the goods were removed from the premises to a storage warehouse. Among the goods levied upon and removed was a washing machine belonging to the plaintiff. The tenant waived appraisement. On April 22, 1930, plaintiff began this action of replevin and replevied the washing machine, and on April 24, 1930,

the other goods of the defendant, Isabella Washburn, were sold, but insufficient funds were realized to pay the rent, costs and other charges. The deficiency amounted to $30.75.

In the affidavit of defense filed by A. B. Moore, one of the defendants, on behalf of himself and the landlord, under Rule 68, defendant denies the superior title of the plaintiff and in a counterclaim claims from the plaintiff the sum of $30.75, and, further, that he has a lien upon the said washing machine in that sum; the said claim and lien being the amount of the deficiency above mentioned. The plaintiff's reply to said counterclaim denies that the defendant has any claim upon said washing machine by reason of the fact that no inventory and appraisement of the goods levied upon was ever made and by reason of the fact that the goods were removed immediately from the premises of the defendant, Isabella Washburn, and secretly stored.

In other words, if the facts averred in plaintiff's reply constitute an illegal distraint, the landlord has no claim upon the plaintiff or its washing machine and the plaintiff is entitled to the washing machine forthwith; if, however, the facts averred in plaintiff's reply do not affect the legality of the distraint, then the plaintiff is entitled to the washing machine but must pay the landlord's claim of $30.75.

A distress is the seizure by a landlord of goods upon the demised premises for security for the payment of rent due in arrears; the right to distrain does not include the right to sell: 16 Ruling Case Law, 1027; Woglam v. Cowperthwaite, 2 Dallas, 68. Section 1 of the Act of March 21, 1772, 1 Sm. Laws, 370, however, gives to the landlord the specific right to sell the goods distrained, in addition to the right of distress or seizure. It may be that seizure or distress of goods may be regular while the subsequent steps leading up to, and an exercise of, the right to sell may be irregular. Thus the failure to appraise or a premature appraisement (Brisben v. Wilson, 60 Pa. 452) is a subsequent irregularity, and if a sale follows upon such irregularity, the original seizure is invalid and the landlord is a trespasser ab initio: Esterly Machine Co. v. Spencer, 147 Pa. 466. But if the goods are replevied and a sale does not follow, the irregularity in the appraisement does not invalidate the original seizure (Johnson v. Black, 15 Phila. 252); which principle of law was expressly followed in Peoples Outfitting Co. v. Mowery, 25 Luzerne Legal Reg. 299, a case similar to the one at bar. See, also, McKinney v. Reader, 6 Watts, 34, 40, 41. It follows that the appraisement is a condition precedent to a sale only and not a necessary step to maintain the validity of the original seizure. No sale of the plaintiff's goods having taken place, our conclusion is that the failure to appraise said goods in the case at bar does not impair the lien of the original seizure or distress.

The next question is whether or not the removal of the goods immediately after the levy rendered the distress illegal. The Act of 1772 and the amendment thereto do not authorize or forbid such a removal. From an examination of the cases of McKinney v. Reader, supra; Waitt v. Ewing, 7 Phila. 195; Woglam v. Cowperthwaite, supra, and Bale v. Hess, 11 Dist. R. 376, it appears that at early common law the landlord was bound to remove the goods taken under a distress, but upon the passage of the Statute of William and Mary, chapter 5, which gave the landlord the added right of selling the goods, the custom or usage arose of impounding the goods upon the premises, which custom later became a statutory enactment in England. That custom is still retained in Pennsylvania, although not embodied in any statute. It clearly appears, however, from the use of the words "might" and "may" (see Waitt v. Ewing, supra; 36 Corpus Juris, 575, note 41 [a]), that both the usage

and the English statute relating to the impounding of goods upon the premises were permissive and not mandatory. The custom and the statute gives to the landlord the right to impound the goods on the premises without being liable for a trespass; they do not give the tenant the right to have the goods impounded there. That being so, it follows that the impounding of the goods elsewhere is not a violation of the landlord's duty to the tenant or owner of the goods, but merely an abandonment or waiver of his right to use the premises as a place of impounding. Judge Elcock in Bale *v.* Hess, *supra,* seems to conclude that the tenant has an absolute right to have the goods impounded upon the premises, but that case may be distinguished from the one at bar on the ground that the distraint was ended by a settlement of the landlord's claim prior to the removal of the goods.

In the case at bar, the removal of plaintiff's goods was not followed by a sale of them. As pointed out above, an irregularity of subsequent procedure does not invalidate the distress when there is no sale of the goods, so that even if the removal before the expiration of five days were construed as an illegal act, the plaintiff having replevied in time and prevented a sale, the original distress would still be valid.

By virtue of the replevin and the security filed, the security becomes substituted for the goods: Woglam *v.* Cowperthwaite, *supra.* Therefore, the plaintiff is entitled to the washing machine, but the security is liable to the extent of the unpaid rent, namely, $30.75. Rule absolute.