## Ruch *versus* Morris.

28 245
e 34 SC ¹109₁

Where a writ of replevin was issued for two carriages and two horses, and the writ was returned, "replevied and summoned as commanded, property bond entered, and property delivered to defendant," after which the plaintiff declared that the defendant "took the goods and chattels of him the said plaintiff, to wit, two carriages and two horses, of the value of seven hundred dollars, and the same unjustly detained, and still doth detain," &c., such declaration sufficiently describes and individuates the property, and is good upon demurrer.

A declaration in replevin must be certain to a general intent, that the sheriff may know with reasonable certainty, when a *retorno habendo* comes to be executed, what he is to deliver, though entitled to have the assistance of the defendant to point out the goods.

But when the defendant interposes a claim property bond, and retains the goods, he has not only individuated them, but has subsequently no reason for objecting to indefiniteness of description, as in no event of the suit, could he have any writ to the due execution of which a more minute description would be necessary.

Alleged irregularities in conducting an inquisition of damages, involving matters of fact, which were and should have been inquired into and adjudicated by the court below, are not the subject of review in this court, as there are no bills of exceptions in such cases to certify to this court what the facts were.

ERROR to the District Court of *Philadelphia*.

This was an action of replevin brought by Dewit C. Morris against Joseph Ruch and Charles Gallen, to recover two carriages and two horses. The sheriff's return to the writ of replevin was, "Replevied and summoned as commanded. Property bond entered and property delivered to defendant." The declaration averred that the defendants, on the 12th day of July, 1854, "took the goods and chattels of him, the said plaintiff, to wit: two carriages and two horses, of the value of seven hundred dollars, and the same unjustly detained against gages and pledges, until, &c., and still doth detain," &c.

To this declaration the defendants demurred, and assigned for causes of demurrer, That there was no description or identification of the property mentioned; that the declaration merely set forth two carriages and two horses, without describing what kind of carriages and horses, so as to distinguish them from any other property of the same kind; that the declaration did not state the colour, size, or age of the horses, so that the same could be identified, and thereby gave the defendants no notice of the charge they were called upon to defend. The plaintiff joined in the demurrer. The District Court rendered judgment for the plaintiff upon the same. A writ of inquiry of damages was sued out by the plaintiff, and the jury assessed the damages at $350. This assessment was set aside by the court at the instance of the plaintiff, and an *alias* writ of inquiry issued, upon which the damages were assessed at $1250.

This inquisition the defendants moved in the court below to set aside for certain irregularities in summoning the jury, and in conducting the proceedings, among which was one that the jury were summoned by, and the inquisition taken before, a deputy instead of the sheriff. The record and return, however, showed that the inquisition was indented and taken before the sheriff himself. As the various alleged irregularities were not reviewed by this court, it is not deemed necessary to set them forth.

The court below refused to set aside the finding of the jury, but entered judgment upon the verdict.

Whereupon the defendants sued out this writ, and assigned for error, *inter alia*, the entering of judgment by the court below for the plaintiff on the demurrer, and also that a deputy sheriff was incompetent to take an inquisition of damages on a writ of inquiry.

*A. V. Parsons* and *Mundy*, for plaintiff in error.—The description and designation of the property is insufficient. The sheriff could not, in executing the writ of replevin, distinguish it from other property of the same kind. On a writ of *de retorno*, it would be impossible to execute that writ. Nor is it sufficiently certain to

[Ruch *v.* Morris.]

enable the defendants to plead this in bar of another action for similar property.

It is said that the declaration in replevin must be certain and particular in setting forth the number, kind, and qualities of the cattle or things distrained: Taylor *v.* Wells, 2 *Saund. Rep.* note 1; Moore *v.* Clipsam, *Styles* 71.

Although a declaration like this might be good after verdict, yet the cases show it is bad on demurrer: 5 *Bac. Ab.* 71. And such has been the ruling in this state: Warner *v.* Aughenbaugh, 15 *S. & R.* 10; Wilson *v.* Gray, 8 *Watts* 38.

The case of Pope *v.* Tillman, 7 *Taunt.* 642, was a replevin, in which it was stated that the defendant in a "certain dwelling-house, took divers goods and chattels of the plaintiff;" there was a judgment by default, a writ of inquiry executed, and the court arrested the judgment.

A writ of replevin must specify the goods and chattels to be replevied: Snedeker *v.* Quick, 6 *Halst.* 179; *Morris on Rep.* 76–7; 2 *Ray.* 913; Banks *v.* Angill, 3 *Nev. & P.* 94.

It is the want of identity which renders the declaration defective. It is not certain to a common intent. The plaintiff could have made the record good by amendment, for the defect was pointed out; but he has chosen to risk it on the demurrer. This declaration, it is submitted, would not even be good in trover: Moore *v.* Hess, 4 *Yeates* 261; McClennehan *v.* McCarty, 1 *Dall.* 377; Denny *v.* Trapnell, 2 *Wil.* 378.

*McMurtrie*, for defendant in error.—The only point arising on the record is, whether the declaration is sufficient. This is to be settled by the precedents, and these leave no doubt. The party replevying must point out the chattels at his peril; when this is done, the property is ear-marked to a certainty.

23 Ed. 3, f. 23, b. Un homme se plaint de ses avers a tort pris scil VI. chivals II. boefes et XL. berbits et counta que les VI. chivalls et II. boefes prist en certain lieu et les berbits en autre lieu sur un brief et sur un counte. And though there was a demurrer for form, it was overruled, and defendant compelled to plead over. The following are forms in replevin from *Coke's* entries, showing how the property must be described: 570, b. "Cepit averia, viz.: unum juvencum et unam juvencam." 570, a. "Ceperunt averia, viz.: quos boves ipsius Thome." 573, a. "Cepit averia, viz.: quatuor vacas." And on folios 573, b; 575, a; 585, a; 589, a; 590, a; 595, a; 596, b; 597, b; 600, a; 601, b; 602, b; 603, b; 609, b; 610, b; are similar precedents, none giving more particular descriptions. Potter *v.* North, 1 *Saund.* 347, "the said horse of him, the said John," and, on demurrer to the bar, judgment for avowant. Moore *v.* Clipsam, *Styles* 71, replevin for a hundred oves, matrices et vervices, and on objection

[Ruch *v.* Morris.]

for uncertainty, it not appearing how many were matrices and how many vervices, held ill. ROLL, J., you have made that which *was certain* uncertain by the specification. *It was agreed that centum oves alone was sufficient.* Fitzh. N. B. b. 8, gives as the forms : If more live cattle than one beast, then the writ is such— "the cattle of B." But if he take but one live beast, then—his " certain horse," or his " certain labouring beast, or his ox." Reade *v.* Hawke, *Hob.* 16, one gelding and one mare, held sufficient on demurrer. Potten *v.* Bradley, 2 *M. &· P.* 78, "the cattle, to wit, 47 lambs of plaintiff," on special demurrer no such objection was thought of. 2 *Sellen's Pract.* 158, in the form given, they are described thus : "One mare and four colts." *Id.* 164, " the declaration must mention the cattle or goods demanded, with such certainty that the sheriff may make deliverance of them, and therefore it should mention the sorts or species, as sheep, cows, &c. Citing *Carth.* 218 ; but this is an incorrect citation; none can be found in that book. And, *Id.* 171, where the form of the inventory is given, it is not more particular than this declaration. Snedeker *v.* Quick, 6 *Halst.* 179, where "his goods and chattels," was held insufficient ; the inventory usually left is referred to as containing a sufficient particularity.

2. All the cases where the description has been held insufficient, are, where the quantity was of the essence of the description of the thing. Burn *v.* Mattair, *C. J. Hard.* 119 ; 14 skimmers and ladles, *said,* would have been defective on special demurrer for uncertainty, how many of each; but cured by avowry as here by claim property bond. Pope *v.* Tilman, 7 *Taunt.* 642, "divers goods and chattels," held bad for uncertainty, but a certain parcel of paper is good. Banks *v.* Angell, 7 *A. & E.* 843, parcel of rick of hay ; there should be some description by weight; but the point was waived by pleading over. Warner *v.* Aughenbaugh, 15 *S. & R.* 9, a lot of sundries, bad on special demurrer, but cured by claiming property.

The opinion of the court was delivered by

WOODWARD, J.—The question upon the demurrer is whether the declaration contains a sufficient description of the goods. " Two carriages and two horses," it is argued are too indescriptive for replevin, especially upon demurrer, even if they would be good after verdict. But the argument does not do quite full justice to the declaration.

The sheriff returned the writ " replevied and summoned as commanded—property bond entered and property delivered to defendant." And then, upon the record showing that return, the plaintiff declares that the defendant " took the goods and chattels of him the said plaintiff, to wit, two carriages and horses of the value

[Ruch v. Morris.]

of seven hundred dollars, and the same unjustly detained *and still doth detain* against gages and pledges."

Now the writ, the return, and the *narr.*, all upon the same record, are to be taken together, and by the most necessary inference we are to understand the plaintiff as declaring for the goods for which he sued—the very goods which the defendant took from the sheriff and holds under a claim property bond. A declaration in replevin must be certain to a general intent, and the reason of the rule is that the sheriff may know, with reasonable certainty, when a *retorno habendo* comes to be executed, what he is to deliver, though he is entitled upon such a writ to have the assistance of the defendant to point out the goods. But where the defendant interposes a claim property bond and keeps the goods, he has not only individuated them, but he has no reason for objecting to indefiniteness of description. Whatever may be the result of the suit it can give him no writ, to the due execution of which a more minute description would be necessary. He has got the specific property, and minuteness of description thenceforth is important only to the plaintiff, and not to him. If therefore the declaration were faulty in the particular alleged, the defendant is not in position to take advantage of it, but an examination of the authorities cited in the argument, will satisfy any mind that there is no fault in the declaration. I will not go into the authorities, for the case does not require it. We hold that the demurrer was properly overruled.

It is a sufficient answer to the residue of the thirteen errors assigned that the record shows that the inquisition was indented and taken before the sheriff himself and not before a deputy.

The irregularities complained of in the conduct of the inquisition involve matters of fact which were inquired of in the court below and adjudicated, or if they were not they should have been. Either way we cannot review them, for there are no bills of exception to certify to us what the facts were.

The judgment is affirmed.