## Ferguson *v.* Lauterstein, Appellant.

[Marked to be reported.]

160    427<br>34 SC ¹109

*Replevin—Right of possession—Lease.*

In Pennsylvania, replevin lies wherever one man claims goods in the possession of another, and this whether the claimant has ever had possession or not and whether his property in the goods be absolute or qualified, provided he has the right of possession.

Where furniture is let with a hotel to a tenant upon a bailment to use, with the privilege of buying the furniture upon paying a specified sum, and the tenant neither buys nor pays the rent, the owner has the right of possession, and may maintain replevin against one who has purchased the furniture at sheriff's sale under a judgment against the tenant.

Argued Feb. 14, 1894. Appeal, No. 336, Jan. T., 1894, by defendant, Isidore Lauterstein, from judgment of C. P. Schuylkill Co., Jan. T., 1890, No. 166, on verdict for plaintiff, P. J. Ferguson. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and FELL, JJ. Affirmed.

Replevin to recover possession of furniture.   Before BECH-
TEL, J.

At the trial, it appeared that, on Aug. 27, 1887, plaintiff, who
was the owner of the hotel building known as the Ferguson
House in Shenandoah, purchased the outstanding lease of his
tenant, O. B. Keiser, and at the same time purchased from him
the entire furniture contained in the hotel, and necessary for
the purposes of a hotel, plaintiff going from room to room and
making an inventory of their several contents.   He received
from Keiser the keys belonging to the establishment, and sub-
sequently, on the same day, executed a lease of the hotel and
furniture to Crinnian Brothers, who entered into possession,
plaintiff delivering to them the keys.   The last paragraph of
the instrument of lease provides for the leasing of the furniture
and the terms thereof as follows : " Also the party of the first
part hereby leases all the household furniture now on the prem-
ises and being used in the said ' Ferguson House,' at the yearly
rental of six per cent on four thousand one hundred ($4,100)
dollars, . . . . the party of the second part having the right and
privilege of purchasing the same for four thousand one hundred
($4,100) dollars within the term of five years, . . . . when a
bill of sale in due form of law will be made and executed," etc.
The Crinnian Brothers remained in actual possession of the
furniture in question down to Dec. 11, 1889, during which
period they paid plaintiff no rent for the use of the furniture
nor any portion of the $4,100, the purchase price thereof.
On Dec. 11, 1889, the furniture in the hotel was sold by a con-
stable on an execution issued on a judgment recovered against
the Crinnian Brothers by one of their creditors, and the furni-
ture in the hotel was sold.   There was evidence that at the be-
ginning of the sale a notice was read to all present, on behalf
of plaintiff, that the goods about to be sold were not the prop-
erty of the Crinnian Brothers, but the property of plaintiff, and
that purchasers would acquire no title thereto.

Defendant purchased the furniture and subsequently re-
moved it.

Defendant's points were among others as follows :

" 3. The action of replevin is a possessory action, and the
plaintiff must show that he had a right of immediate possession
to the articles replevied at the time the writ was issued.   As

the plaintiff has failed to show such right of possession in himself at the time this writ issued he cannot recover, and the verdict of the jury must be for the defendant." Answered with 5th point. [1]

" 4. As the undisputed evidence in this case shows that the right of possession to the articles replevied in this case at the time this writ issued, if not in the defendant, was in the Crinnian Brothers, under the contract offered in evidence by the plaintiff himself, the plaintiff cannot recover in this case, and the verdict must be for the defendant." Answered with 5th point. [2]

" 5. As the undisputed evidence in this case shows that the plaintiff had neither the possession, nor the right of possession, to the goods in controversy at the time the defendant bought and removed the same from the hotel, nor at the time he brought this suit, he cannot recover in this case, and the verdict must be for the defendant. *Answer :* We will answer these points together. They are of much the same nature. They ask the court to direct a verdict for this defendant, and to say that certain matters are established by what is termed undisputed evidence in this case. We decline to say that you should or must find a verdict for this defendant. Upon the contract we say that under the written contract or lease between Ferguson and Crinnian Brothers, we believe that Ferguson had such title, and such right of possession in himself, and through the Crinnian Brothers, as would enable him to protect the personal property, and prevent it being removed from the hotel, under a purchase as the property of the Crinnian Brothers, especially if you find that the purchaser had notice, before he purchased, that the property was not the property of Crinnian Brothers, but the property of P. J. Ferguson. Of course this is upon the proposition that you find that the entire transaction was honest, bona fide and fair, as we have heretofore stated to you, and not intended to hinder and delay, and cheat and defraud the creditors of Crinnian Brothers." [3]

7. Request for binding instructions. Refused. [4]
Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (1–4) instructions, quoting them.

*A. W. Schalck,* for appellant.—Plaintiff's own case shows conclusively that, on Dec. 11, 1889 (the date of the constable's sale), the furniture in question was in the exclusive control and possession of the Crinnians; and that neither on Dec. 11th nor 12th, 1889, did plaintiff have the possession, or the right of possession, exclusive or otherwise, to the goods in question.

The right of possession in plaintiff necessary to sustain replevin is a present and existing right, and not one to arise on the performance or non-performance of some condition: 20 A. & E. Ency. L. 1050, 1055–6; Gordon v. Harper, 7 T. R. 9; Bigelow's L. C. on Torts, 424, 431; Pain v. Whittaker, R. & M. 99; 21 E. C. L. 710; Smith v. Plomer, 15 East, 607; Hilliard on Torts, ed. 1867, p. 20; Wheeler v. Train, 3 Pick. 257; Collins v. Evans, 15 Pick. 63; Lester v. McDowell, 18 Pa. 91; Rogers v. Arnold, 12 Wend. 30; Reinheim v. Hemingway, 35 Pa. 432; R. R. v. Ellsey, 85 Pa. 283; Mathias v. Sellers, 86 Pa. 486; Weed v. Hall, 101 Pa. 595.

Ferguson v. Rafferty, 128 Pa. 337, was not the case of lessor and lessee, or of the delivery of the furniture, etc., by the lessor to his tenant or lessee, or of the exclusive possession of the same by the latter as such lessee.

In Harlan v. Harlan, 15 Pa. 507, the syllabus expressly has this proviso, "provided he (plaintiff) had the right of possession," and exactly the same proviso, and the same language, appears in the syllabus of Miller v. Warden, 111 Pa. 300. See also Morris on Replevin, 68.

*J. H. Pomeroy, S. G. M. Hollopeter* with him, for appellee.—It is well settled as a general principle, that in Pennsylvania replevin lies wherever one man claims goods in the possession of another, and this, whether the claimant has ever had possession or not, and whether his property in the goods be absolute or qualified, provided he has the right of possession: Harlan v. Harlan, 15 Pa. 507: Miller v. Warden, 111 Pa. 300; Ferguson v. Rafferty, 128 Pa. 337; Crist v. Kleber, 79 Pa. 290; Enlow v. Klein, 79 Pa. 488; Rowe v. Sharp, 51 Pa. 30.

OPINION BY MR. JUSTICE GREEN, March 26, 1894:

In the case of Harlan v. Harlan, 15 Pa. 507, Mr. Justice ROGERS, delivering the opinion, said: "It is well settled, as a

general principle, that in Pennsylvania, replevin lies wherever one man claims goods in the possession of another and this whether the claimant has ever had possession or not and whether his property in the goods be absolute, or qualified, provided he has the right of possession." In that case we held that a purchaser at sheriff's sale, of a mill property, could maintain replevin for a piece of machinery, part of the freehold, but detached therefrom by the former owner, although he had never been in possession and could only make title to the machinery by proving his title to the land.

In Rowe v. Sharp, 51 Pa. 26, we sustained an action of replevin, brought by the owner who had let a pair of billiard tables upon a bailment for use with a provision for sale in case of the payment of the price, where the bailee had delivered them to another to indemnify him as surety during the continuance of the bailment. The court below had said : " The mere liability of Rowe as bail, and especially if not injured thereby, would not entitle him to hold the property from Sharp, if the terms of the lease had been violated by Goff; nor would his and Fero's subsequent purchase, with this knowledge of the manner in which the other held it, give them any additional or greater right to hold it from the lessee. . . . If the evidence is credited by the jury the plaintiff is entitled to recover back his property." This was assigned for error, but we held it was correct, and thus sustained the action and also the proposition that the violation of the terms of the lease by the lessee gave a right of recovery to the lessor from the grantees of the lessee. This case practically covers the present because the lease was violated by the lessee by not paying the rent, and this gave a right of recovery in replevin against the lessee, and consequently against his grantees.

In Crist v. Kleber, 79 Pa. 290, we sustained an action of replevin for a piano which had been leased to one with a privilege to purchase at a designated price. The price was not paid and the piano was sold for taxes owing by the lessee. The action was brought by the lessor against the purchaser at the tax sale, and a recovery was had which this court affirmed.

In Miller v. Warden, Frew & Co., 111 Pa. 300, we reaffirmed the doctrine of Harlan v. Harlan, saying that " The action of replevin lies in Pennsylvania for the property of one person in

possession of another, whether the claimant ever had possession of it or not, provided he has the right of possession."

In Ferguson v. Rafferty, 128 Pa. 337, we held that, upon a sale of certain timber to be cut by the vendee, but the vendor to have the right to hold the logs until the purchase money was paid, the vendor had a qualified title upon which, the purchase money remaining unpaid, he might maintain replevin for logs removed by the vendee or one claiming under him. We said : " The defendant claimed title to the whole of the logs under a sheriff's sale of the title of D. L. Ferguson, and D. L. Ferguson's title was derived exclusively from the sale made to him by the plaintiff. The defendant being a purchaser with notice of the plaintiff's claim of title, is in no better position than D. L. Ferguson would have been if he had been the defendant. . . . It seems to us quite plain that as between himself and D. L. Ferguson, or the defendant with notice, he had the right to the possession for the security of the purchase money, and at least a qualified title to the logs. In such circumstances the authorities are plain that there may be a recovery."

The foregoing cases are quite sufficient to sustain a recovery in the present case. The question of the defendant's notice of Ferguson's claim of title before he purchased was submitted to the jury by the court below, and found for the plaintiff. The court further held that the furniture was let to the Crinnian Brothers upon a bailment for use, with a privilege to buy upon paying the purchase money, $4,100, and that if Crinnian Brothers never did buy nor pay the rent, the plaintiff had the right of possession as against Crinnian Brothers, and therefore against the defendant claiming under them. We think this a correct interpretation of the law in Pennsylvania under our decisions, and as Crinnian Brothers never did buy the furniture nor pay the rent, the plaintiff had the right to have possession for the protection of his title, both against them and the defendant claiming under them.

Judgment affirmed.