# Rickard v. Major, Appellant.

*Replevin—Pledge of goods—Statement of claim—Affidavit of defense—Sheriff's return—Contradiction of sheriff's return—Act of April 19, 1901, P. L. 88.*

A statement of claim in replevin shows a prima facie case, which sets forth that the defendant was indebted to the plaintiff, and as collateral for the debt assigned to the plaintiff certain chattels, the possession of which he was allowed to retain until the debt was paid, that the debt had never been paid, and the chattels never delivered to the plaintiff. Such a statement of claim is not overcome by an affidavit of defense averring that there had never been a delivery to the plaintiff either actually or constructively, of the property pledged and replevied. In such a case where the defendant retains possession under a claim property bond, he will not be heard to say that the chattels replevied were not the chattels pledged.

In an action of replevin the defendant cannot in his affidavit of defense contradict the sheriff's return. If there was a wrongful return the remedy is by an action against the sheriff.

Argued Feb. 26, 1907. Appeal, No. 31, Jan. T., 1907, by defendant, from order of C. P. Luzerne Co., March T., 1906, No. 40, making absolute rule for judgment for want of a sufficient affidavit of defense in case of John B. Rickard and Edith L. Rickard v. A. L. Major. Before RICE, P. J., PORTER, HENDERSON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Replevin for one team of bay horses, one set of double harness and one lumber wagon. Before WHEATON, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*M. H. McAniff*, with him *P. W. McKeown*, for appellant, cited: Snyder v. Vaux, 2 Rawle, 423; Hoffman v. Sellers, 5 Pa. Dist. Rep. 395.

*Abram Salsburg*, with him *W. Alfred Va'entine*, for appellees, cited: Harlan v. Harlan, 15 Pa. 507; Miller v. Warden, 111

Pa. 300; Ferguson v. Lauterstein, 160 Pa. 427; Hoffman v. Sellers, 5 Pa. Dist. Rep. 395; Boyle v. Rankin, 22 Pa. 168; Knowles v. Lord, 4 Whart. 500; Dumn v. Rothermel, 112 Pa. 272; Turner v. Scott, 51 Pa. 126; Shafer v. Senseman, 125 Pa. 310; Fox v. Magaw, 12 Pa. Dist. Rep. 53; Mfg. Co. v. Killinger, 26 Pa. C. C. Rep. 539; Painter v. Snyder, 22 Pa. Superior Ct. 603.

OPINION BY HEAD, J., October 7, 1907:

This action of replevin was begun on January 31, 1906. By the writ issued on that day the sheriff was commanded to replevy " one team of bay horses, one set of double harness and one lumber wagon," of the value, etc. To this writ the sheriff returned: " I hereby certify and return that on February 1, 1906, I replevied as within commanded and summoned the within named defendant. . . . On February 1, 1906, a claim property bond was filed, and property so replevied delivered to the defendant."

The plaintiffs then filed their statement of claim, under the act of 1901, setting forth that on November 14, 1904, they had entered into a written agreement with the defendant, by the terms of which they sold and delivered to him all of their interest in the capital stock of a certain lumber company, and that, of the consideration named therefor, there remained to be paid thereafter the sum of $159. That the defendant, in the same agreement, sold, transferred and granted unto the plaintiffs " one team of bay horses, one set of double harness and one lumber wagon, as collateral security for the payment of the balance due on the stock," but that it was also provided therein that the defendant " is hereby given permission to take care of and use, at his own expense, the said team of horses, etc., until December 20, 1904, and for such further time as the said parties of the second part shall consent in writing." The statement then averred that defendant had refused to pay the money long since due, and also to surrender the possession of the pledged property, although the term of his lawful possession and use of it had expired, etc. The plaintiffs thus clearly set forth, at least such a qualified title to the property as would sustain their right of possession as against the defendant, and would warrant a judgment in their favor unless a

sufficient defense were interposed : Ferguson v. Lauterstein, 160 Pa. 427. It then became incumbent on the defendant, under the Act of April 19, 1901, P. L. 88, in order to prevent such judgment, to file an affidavit of defense " setting up the facts, denying plaintiffs' title and showing his own title to said goods and chattels." This the defendant attempted to do, but the learned court below held the affidavit to be insufficient, and by reason thereof entered judgment for the plaintiffs. From that judgment this appeal is taken.

The affidavit first sets up an alleged imperfect or improper execution of the written agreement by the plaintiffs in that their names were signed by their attorney and not by themselves. Inasmuch as the agreement, so far as the plaintiffs are concerned, had been long since fully executed, and as this action, begun by them, was in affirmance of the contract, the futility of such an averment is so manifest as to render any discussion of it wholly unnecessary.

It is next averred " that there never was a delivery to the plaintiffs, either actually or constructively," of the property pledged and replevied, " nor were the particular horses selected to be turned over as collateral security." In Ferguson v. Lauterstein, 160 Pa. 427, following Harlan v. Harlan, 15 Pa. 507, it is expressly held that " it is well settled, as a general principle in Pennsylvania, that replevin lies wherever one man claims goods in the possession of another, and this whether the claimant has ever had possession or not, and whether his property in the goods be absolute or qualified, provided he has the right of possession." As to the latter portion of the averment quoted it would be sufficient to say that the affidavit makes no allegation that either at the time of the agreement or the execution of the writ the defendant owned more than one team of bay horses, and, therefore, there was no necessity to further individuate them. But, in Ruch v. Morris, 28 Pa. 245, the plaintiff issued his writ for " two carriages and two horses." The sheriff returned : " Replevied and summoned as commanded. Property bond entered and property delivered to the defendant." To the declaration describing the property 'only in the language quoted, the defendant demurred because " there was no description or identification of the property mentioned, . . . . so as to distinguish them from any other property of the

same kind," etc.   Judgment was entered for the plaintiff.   In affirming this judgment Mr. Justice WOODWARD says : " But where the defendant interposes a claim property bond and keeps the goods, he has not only individuated them, but he has no reason for objecting to indefiniteness of description.   Whatever may be the result of the suit it can give him no writ, to the due execution of which a more minute description would be necessary."   Clearly, therefore, this averment was insufficient to prevent judgment.

The only remaining fact set up in the affidavit is the following, viz. : " and further that the sheriff in the above case has replevied a black horse and a bay horse, and that the black horse was acquired by defendant in July, 1905."   This amounts to a flat contradiction of the sheriff's return, because the writ expressly commanded that officer to replevy " one team of bay horses," and he returns, " I replevied as within commanded." Upon both reason and authority the defendant is precluded from defending on such ground.   Our action of replevin is for the purpose of determining, as between the parties to it, the right of possession of personal property seized by the sheriff in obedience to the mandate of his writ, not to recover damages from that officer or the plaintiff for a tortious seizure of property not mentioned in his writ, nor for making a false return as to what he actually did in execution of his writ.   The sheriff is an independent executive officer, made responsible by law for his own official misconduct, and to him, and not to the plaintiff at whose instance a writ issues, must an injured party look for redress if the officer go beyond the authority conferred by his writ or be otherwise guilty of any breach of official duty.   And so it has ever been held that in the trial of a cause the truth of the sheriff's return cannot be questioned by either party; as to them the return is conclusive, and the remedy for any injury arising from an alleged false return is by action directly against the officer making it.   In Knowles v. Lord, 4 Whart. 500, a writ of replevin issued for " four cases of prints, containing each fifty pieces ; one case of prints, containing forty-three pieces ; one case of furniture prints, containing sixty-five pieces."   The sheriff returned : " Replevied, summoned and afterwards claim property bond given."   On the trial the defendant offered to prove, " notwithstanding the sheriff's return,

that the number of pieces actually replevied was much less than the number mentioned in the writ." The offer was rejected, and on appeal Mr. Justice SEARGENT said :· " We are of opinion, however, that this evidence was properly rejected. It went to contradict the sheriff's return to the writ of replevin. . . . It is a well-settled principle, applicable to every case, that credence is to be given to the sheriff's return, so much so that there can be no averment against it in the same action. . . . If a party be injured by a false return of the sheriff, his remedy is by action on the case against the sheriff who makes it. The evidence offered went not only to contradict the sheriff's return, but also the act of the defendants in conformity with it, of claiming the property in the goods mentioned in the writ of replevin, and giving bond to deliver up these goods, if the property in them should be adjudged not to be in the defendants. This was an unequivocal admission that they had the goods, and that the sheriff either had replevied or would replevy them and deliver them over to the plaintiffs but for this claim and bond."

This case we regard as decisive of the question now before us, and its application to the defendant's affidavit stripped it of every element of a legal defense and left to the learned court below no other course but to enter the judgment prescribed by the act of assembly in such cases. The principle declared in the case above cited has been announced in many later decisions, among them Diller v. Roberts, 13 S. & R. 60 ; Mentz v. Hamman, 5 Whart. 150 ; Benwood Iron Works v. Hutchinson, 101 Pa. 359 ; Dixon v. Sewing Machine Co., 128 Pa. 397 ; Bennethum v. Bowers, 133 Pa. 332.

Judgment affirmed.