# Korson, Appellant, *v.* Nixon.

*Landlord and tenant—Rent—Distress—Moving picture parlor—Films and generator.*

Where a tenant in the course of his business is necessarily put in possession of the property of those with whom he deals, or of those who employ him, such property, although on the demised premises, is not liable to distress for rent; but this rule does not apply to picture films and a motion generator used by a tenant in carrying on the business of a moving picture parlor.

Argued Oct. 20, 1910.     Appeal, No. 119, Oct. T., 1910, from judgment of C. P. No. 4, Phila. Co., June T., 1909, No. 2,820, sustaining demurrer to statement of claim in

case of Louis Korson et al., trading as Philadelphia Film Exchange, v. James H. Nixon, and George B. Wilson, landlord. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Replevin for goods seized under a distress warrant.

Demurrer to statement of claim.

From the record it appeared that the plaintiff leased films and generators to the Empire Amusement Company, a tenant of George B. Wilson at 1111 Market street, Philadelphia. The amusement company being in default for rent, certain films and generators found on the premises were seized by James H. Nixon, a constable, under a landlord's warrant. Subsequently the plaintiff issued a writ of replevin for the property seized under the warrant.

The court sustained the demurrer to the statement of claim in the replevin suit.

*Error assigned* was in sustaining the demurrer.

*Charles J. Weiss,* for appellants.—Where the tenant in the course of his business is necessarily put in possession of the property of those with whom he deals, or of those who employ him, such property, although on the demised premises, is not liable to distress for rent due thereon from the tenant: Brown v. Sims, 17 S. & R. 138; Riddle v. Welden, 5 Whart. 9; Cadwalader v. Tindall, 20 Pa. 422; Bevan v. Crooks, 7 W. & S. 452; Briggs v. Large, 30 Pa. 287; Karns v. McKinney, 74 Pa. 387; Howe Sewing Machine Co. v. Sloan, 87 Pa. 438; Clothier v. Braithwaite, 22 Pa. Superior Ct. 521; Wanamaker & Brown v. Carter, 22 Pa. Superior Ct. 625.

*Maurice Bower Saul,* with him *John G. Johnson,* for appellees.—The appellants rely upon a misapprehension of the exception, that all goods necessary for the conduct of the business leased from strangers are goods of which the tenant is necessarily put in possession in the course of his

business. The exception to the general rule was for the benefit of trade, and has reference to the nature of the business conducted by the tenant: Brown v. Sims, 17 S. & R. 138; Cadwalader v. Tindall, 20 Pa. 422; Jones v. Goldbeck, 8 W. N. C. 533; Page v. Middleton, 118 Pa. 546; Myers v. Esery, 134 Pa. 177; Pickering v. Breen, 31 Pa. Superior Ct. 280; Tufts v. Park, 194 Pa. 79; Walsh v. The Bourse, 15 Pa. Superior Ct. 219; Price v. McCallister, 3 Grant, 248; Whiting v. Lake, 91 Pa. 349; American Pig Iron Storage Warrant Co. v. Coal Co., 205 Pa. 403; Wetherill v. Gallagher, 217 Pa. 635.

OPINION BY RICE, P. J., March 3, 1911:

One exception to the common-law rule, that whatever goods and chattels the landlord finds upon the demised premises, whether they in fact belong to the tenant or a stranger, are distrainable by him for rent, is thus stated in Karns v. McKinney, 74 Pa. 387, which statement has been approved in many cases since: "Where the tenant in the course of his business is necessarily put in possession of the property of those with whom he deals, or of those who employ him, such property, although on the demised premises, is not liable to distress for rent due thereon from the tenant." The true nature of the exception is seen by reference to some of the subjects to which it has been applied. They include, for example, goods of a third person, placed in the way of trade or storage in the warehouse of one who receives goods on storage; the goods of a guest at an inn, or of a boarder in a boarding house; grain sent to a miller to be ground; a horse left at a blacksmith shop to be shod; cattle intrusted to a farmer to agist; cloth left at a tailor's to be made into clothing. In such and like cases the nature of the business of the tenant requires that he be put in possession of the goods of his employer or customer. But it would be an unwarranted extension of the exception, and of any authoritative statement of the principle upon which it rests, to hold that, if the landlord when leasing the premises knows the business the

tenant intends to carry on therein, he must be presumed to consent that whatever it is necessary for the tenant to have in the conduct of the business he may bring on the premises under a contract of hiring and hold it free from distress. For example; the business of an innkeeper cannot be carried on without furniture; nor that of a blacksmith, or of a tailor, or of a miller, or of a warehouseman, or of selling soda water, or of keeping a place for playing billiards, without buying or renting for hire many chattels. So, in the same sense, it was necessary for the tenant in the present instance, in carrying on the business of a moving-picture parlor, to have picture films and a motion generator for the purpose of showing them. The same might be said, with equal truth, of accessories for the accommodation of the patrons of the place, as, for example, chairs or benches. But it is not that sort of necessity which is contemplated in the statement of the exception above quoted. To hold that it is, would be, in effect, to abrogate the rule itself, so far, at least, as it is applicable to premises in which a business is carried on by the tenant. We think the court was right in refusing to liken the case to that of a tenant taking the goods of a customer to be stored, improved, or used for the benefit of the owner.

The judgment is affirmed.