## Souders v. Willig, Appellant.

Argued October 3, 1929. Before PORTER, P. J., TREXLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

198

*Benjamin H. Levintow,* and with him *Samuel E. Kratzok,* for appellant.

*Earle Hepburn,* for appellee.

OPINION BY LINN, J., November 18, 1929:

This is an action of replevin. The parties agree that by his distraint for rent in arrear the landlord seized plaintiff's automobile, worth $750, on leased premises occupied by defendant's tenant. The jury found for plaintiff; defendant moved for a new trial and for judgment n. o. v., and both motions were refused: At the trial, after placing on the record their agreement of facts just stated, counsel for plaintiff said "so the only question is whether the automobile belonged to Souders [plaintiff] at the time or not;" to which counsel for defendant replied "the only question is whether the automobile was subject to levy for rent."

As the automobile was on the demised premises with nothing to give notice that it was not the tenant's, it was prima facie liable to seizure for rent in arrear: Act of March 21, 1772, 1 Sm. L. 370; an owner who would claim it, had the burden of proof in replevin: Esterly Machine Co. v. Spencer, 147 Pa. 466, 470. He offered evidence to support his right to possession; defendant offered none. The lease provided that the premises should "be used as automobile salesroom and service station and for no other purpose ......"
Plaintiff owned the automobile and purchased another, agreeing to transfer the car in suit as payment of $1,000 on account, unless he could sell it for more than

$1,000; in which event he would also pay that sum in cash; to enable him to see whether he could sell it, he retained possession and control of it. To make the sale for his account, he placed it in the custody of defendant's tenant, engaged in the automobile selling business, and he put it in his automobile show window on the leased premises on North Broad Street, Philadelphia, for purposes of sale.

Replevin tries the right to possession: Ferguson v. Lauterstein, 160 Pa. 427. The only question raised by the appeal is whether property so placed for sale in the custody of a tenant in the regular course of his business, is within any exception saving it from distress for rent in arrear. There is no doubt about it. In considering the nature of the rule, Chief Justice GIBSON said in 1828 that he had "little reason to doubt, that the exceptions will, in the end, eat out the rule." Brown v. Sims, 17 S. & R. 138. The growth and extent of these exceptions are referred to in the opinions filed in Wanamaker v. Carter, 22 Pa. Superior Ct. 625 and Korson v. Nixon, 45 Pa. Superior Ct. 343. The rule now applicable was thus stated in Karns v. McKinney, 74 Pa. 387, 390: "The principle covering these cases during the tenancy, except when the goods are in the custody of the law, is this: where the tenant, in the course of his business, is necessarily put in possession of the property of those with whom he deals, or of those who employ him, such property, although on the demised premises is not liable to distress for rent due thereon by the tenant."

The uncontradicted evidence showed that, as against the tenant, the right to possession was in the plaintiff and that the automobile was placed on the demised premises in the custody of the tenant for the purposes of the trade which the lease expressly authorized the tenant to conduct on the premises. The case is precisely within the rule.

Judgment affirmed.