## Berg v. Langan et al.

*Welles, Mumford & Stark,* for plaintiff.

*Kelly, Balentine, Fitzgerald & Kelly,* for defendants.

NEWCOMB, P. J., Feb. 14, 1930.—This is an action of replevin at the suit of the owner to test the question whether the goods and chattels described in the

writ were subject to a lien for the rent of demised premises on which they had been distrained by the landlord.

The case being regularly on the list and called for trial, the facts were put upon record and the cause submitted by agreement of parties for trial without a jury.

For the sum of $90 rent owing by her tenant, one Costello, then in arrear, the defendant, Mrs. Langan, on May 13, 1929, distrained the goods in question. The legal title was in this plaintiff subject to the rights of Costello as a buyer under the terms of a conditional sale. This contract was in writing, dated April 26th, and duly recorded the same day as provided by the statute hereinafter cited, to the terms of which it fully conformed. Other than such notice, if any, as might be imputed to her by reason of the record, there was nothing to give notice to the landlord that the goods were not the property of the tenant who had absconded.

The fact is noted that no part of this merchandise had ever been affixed to the realty.

On May 20th, pending the seizure, the goods were delivered to plaintiff by the sheriff on this writ. Their value is $307.

The single question is whether they were immune from the landlord's lien for the rent of the premises.

*Prima facie,* the answer must be in the negative. The owner who asserts the contrary has the burden of proof: Esterly Machine Co. *v.* Spencer, 147 Pa. 466; Souders *v.* Willig, 97 Pa. Superior Ct. 197.

Unless his argument has been misapprehended, counsel takes the position that the Uniform Conditional Sales Act serves to repeal the Act of March 21, 1772, 1 Sm. Laws, 370, and thereby creates an exception to the general rule of liability in case of chattels covered by this special form of contract duly recorded. See Act of May 12, 1925, P. L. 603, and the amendment of May 12, 1927, P. L. 979.

The supposition is believed to be erroneous. The landlord's lien is of common law origin. It is not a creature of statute. It was only the right to bring the goods to public sale which was conferred by our provincial act, as had been done in England by Act of Parliament.

But, what is more pertinent, the express purpose of the Sales Act is to protect the seller against the claims of those who could prejudice his right of property only by asserting title in the buyer. That would not include the landlord who is concerned with title only in case of such specific kinds of chattels as the legislature has been at pains to exempt unequivocally. In general, it is enough for him that the goods are present and in the tenant's possession: Manufacturing Co. *v.* Scheeren et al., 75 Pitts. L. J. 842. The court there pointedly called attention to the several statutes exempting various kinds of property. In view of that history, it was well said to be significant that the Sales Act contains no express reference to the right of distress.

The exemption contended for would be in derogation of a common law right. That is a proper subject of legislation, but it must be distinctly so expressed. It is not for the court to give this act that effect by mere resort to obscure or doubtful implication or uncertain intendment.

The issue is believed to be with defendant, and judgment for the goods and chattels described in the writ is accordingly entered in her favor, to be released, however, on the payment of $90, with the accrued costs, within ten days from the date of filing hereof.

From William A. Wilcox, Scranton, Pa.