## O. M. C. Supply Company v. Seiler et al.

*Robert M. Carson*, for plaintiff; *H. H. Dinsmore*, for defendants.

WHITTEN, J., January 27, 1932.—This case is before the court upon an "affidavit of defense in nature of demurrer" filed by the defendants on July 30, 1931.

On June 20, 1931, the defendant, Emelia Seiler, a landlord, issued a landlord's warrant to Jacob Elpern, constable, the other defendant, whereby the said constable distrained certain personal property, to wit, six radios, for rent due the said landlord by her tenant, E. H. Flowers, trading as Flowers Radio Store, which radios were upon the leasehold premises.

On June 27, 1931, the plaintiff caused to be issued a writ of replevin and by virtue thereof the sheriff delivered possession of the said six radios to the plaintiff.

On July 25, 1931, the plaintiff filed its statement of claim, averring, inter alia, that, prior to June 20, 1931, the plaintiff was and still is the owner of the said six radios; that, prior to June 20, 1931, the plaintiff delivered the said radios to the said Flowers Radio Store (tenant of Emelia Seiler) "as agent for said plaintiff and [they] were by it sold to various customers under a lease agreement reserving title in him; that said lease agreements were then assigned to said plaintiff, under and by virtue of which assignment title vested in the said plaintiff, with the right of repossession upon default of rental payments; that all of the purchasers of said above-enumerated radios defaulted in their payments as set forth under said lease, wherefore the said plaintiff exercised its option of repossession and had its agent, the said E. H. Flowers, in its name, for its use, and subject to its orders, repossess the same to return or dispose of the same, which repossessions were carried out by the said Flowers as its agent, for its use, and subject to its orders in the usual course of trade as its agent in said city; that said radios, after said repossession, were placed in the storeroom of said defendant, Emelia Seiler, as property of said plaintiff and held there subject to orders of said plaintiff, which storeroom was under lease to the said Flowers; that said radios were delivered to the said Flowers as agent for plaintiff in the course of trade, were merchandised by him as their agent in the course of trade, and were taken and repossessed by him as their agent in

the course of trade and held subject to its orders, all of which was known to the said defendant, Emelia Seiler; that said lease agreement, a copy of which is hereto attached, made part hereof and marked 'Exhibit,' was signed by each and every person to whom said above radios were sold and from whom they were repossessed; that said radios were sold and repossessed and held in said storeroom in the course of trade in dealing with the following customers, all of whom signed said lease agreement: . . . ; that said defendant, Emelia Seiler, lived in the apartment immediately above said leased premises, was around the store frequently, was thoroughly familiar with the electrical and radio trade, knew that radios were received in the course of trade and were dealt with as the above radios were dealt with, knew that the above radios were in said store in the course of trade and were not the property of the said Flowers, admitted the same when notified of the matter immediately after the distress was issued, and knew that said Flowers received them as agent for plaintiff in the course of trade, and that they were held by him as agent in the course of trade."

. The Replevin Act of April 19, 1901, P. L. 88, makes no provision for the filing of a demurrer by the defendant. Whether or not a demurrer in such a case is proper has not been decided by the Supreme Court: Jennings et al. v. Supreme Photoplay Co., 289 Pa. 240, 245.

However, assuming that the defendants' plea is the proper procedure to test the validity of the plaintiff's right to a verdict, the court is of the opinion that in view of the uncontradicted averments in the plaintiff's statement of claim, the court could not enter summary judgment against the plaintiff.

"When the tenant in the course of his business necessarily has the goods of those with whom he deals or who employ him, the goods are not liable to distress for rent due by the tenant:" Karns et al. v. McKinney, 74 Pa. 387.

"The goods of a third person placed in the way of trade on storage in the warehouse of one who used the trade and business of a merchant and received goods and merchandise from merchants and traders on storage, are not liable to distress for rent for such warehouse, though found on the premises:" Brown et al. v. Sims et al., 17 S. & R. 138. See, also, Souders v. Willig, 97 Pa. Superior Ct. 197, and Karns v. McKinney, supra.

"Where goods are delivered by the owner to a tenant, to be sold by the latter in the course of his trade as a dealer for the former's account, under an agreement that the transaction shall not in any way constitute a sale to the tenant or give him an interest of any kind whatever in them, the goods are not liable to be distrained by the landlord for rent:" Baldwin Piano Co. v. Moyer et al., 7 D. & C. 259.

"Goods intrusted to an agent to be sold on commission are not liable to distress for rent due by the agent:" Howe Sewing Machine Co. v. Sloan, 87 Pa. 438.

The court is constrained to decide that in the circumstances the defendants are not entitled to the summary judgment prayed for.

### Decree

And now, January 27, 1932, after argument by counsel and upon due consideration, it is ordered and decreed that the defendants' "affidavit of defense in nature of demurrer" be and the same is hereby dismissed, with leave to the defendants, if they so desire, to file an affidavit of defense in accordance with the Act of April 19, 1901, P. L. 88, within fifteen days from this date; and in default thereof, the prothonotary is directed as of course to enter judgment in favor of the plaintiff.          From William S. Rial, Greensburg, Pa.