Manufacturers' Finance Acceptance Corp., Appellant, *v.* Jordan Distributors, Inc. et al.

Argued October 11, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Oscar G. Wickersham* of *Wickersham and Wicker-*

*sham,* and with him *Swartz, Campbell and Henry,* for appellant.

*Harvey Gourley,* for appellee.

OPINION BY PARKER, J., February 1, 1934:

This appeal is by plaintiff from a judgment of the court of common pleas No. 3 of Philadelphia in an action of replevin brought by the plaintiff, alleged owner of an automobile, against a landlord and his agent, a constable, who had levied on that chattel for arrears of rent.

The facts are not in dispute and the question involved is therefore one of law, as is conceded by plaintiff and defendants. Jordan Distributors, Inc., a corporation engaged in the business of selling automobiles in the city of Philadelphia, on the 27th of June, 1930, leased to one Brown a Jordan sedan. After the consummation of this transaction, the title of the lessor to the lease and the property was sold and conveyed to the plaintiff, Manufacturers' Finance Acceptance Corporation. Brown defaulted in the payments due under the lease and on August 20, 1930, the plaintiff repossessed the automobile, took it into its own possession, and the car was driven by one of its employees to Baltimore where it was placed in storage by the plaintiff. The car remained there until September 29, 1930, when it was taken to the premises of the Jordan Distributors, Inc., lessee of the Pennsylvania State Camp, Patriotic Order Sons of America. The Jordan Distributors, Inc., was engaged in the business of selling automobiles. The lease of the premises described the purposes for which the premises were to be held "as sales and show room for automobiles."

The sole question raised by this appeal is whether the automobile so placed for sale by the plaintiff in the custody of the tenant is within any exception sav-

ing it from distress for rent. While the general principle is well settled that the goods of a stranger in the custody of the tenant on the demised premises are subject to levy and sale in a distress for rent (Brumbaugh v. Feldman, 47 Pa. Superior Ct. 10), it is subject to a number of exceptions. "Valuable things in the way of trade shall not be liable to distress": 3 Blackstone's Com. 7. The trend of the decisions of our appellate courts, due to the exigencies of business, has been to broaden the scope of this exception: Howe Sewing Machine Co. v. Sloan, 87 Pa. 438, 441. In the case of Karns v. McKinney, 74 Pa. 387, 390, the principle is stated as follows: "Where the tenant, in the course of his business, is necessarily put in possession of the property of those with whom he deals, or of those who employ him, such property, although on the demised premises, is not liable to distress for rent due thereon from the tenant." The case of Souders v. Willig, 97 Pa. Superior Ct. 197, is decisive of the question involved. There it was held that in an action of replevin to recover possession of an automobile where the evidence established that the plaintiff placed his car in the custody of a tenant who put it in the leased sales room in an effort to sell it, and the tenant defaulted in the payment of his rent, and the defendant distrained upon plaintiff's car, the automobile could not be held to satisfy the rent claim. It is immaterial that the Jordan Distributors, Inc., was engaged principally in selling Jordan cars for their business as carried on and as provided for in the lease was the sale and exhibition of automobiles. They undertook to sell this car "in the way of trade" which brings this case within the exception.

The two cases relied upon by the trial court did not involve the exception with which we are here concerned. In Brumbaugh v. Feldman, supra, it was held that where a merchant leased household goods to

a tenant and permitted the goods to be and remain in the hands of the tenant on the demised premises, he did so with the risk that they were subject to distraint for rent. The goods were not upon the premises in the way of trade but involved the ordinary case of the goods of a stranger on the demised premises. The case of Root v. Republic Acceptance Corp., 279 Pa. 55, 123 A. 650, dealt with transactions between a finance corporation and a dealer in automobiles but involved the rights of creditors, where the finance corporation depended alone upon a paper title to sustain its right of possession. The transfer to the finance corporation had taken place without any real change of possession. The decision was but a declaration of the well established principle which proscribes the creation of secret liens or transfer of title without change of possession in fraud of creditors. In the case we have under consideration there was, under the admitted facts, an actual change of possession. When the finance corporation repossessed the automobile, they took it from a third party, drove it away, and kept it in storage in another state for approximately six weeks before it was placed in the hands of one of the defendants for sale. The admitted facts bring this case clearly within the exception to which we have referred.

Judgment is reversed and it is directed that judgment be entered for the plaintiff in accordance with this opinion.