## Placatoris et al. v. Michael

*Milton B. Riskin*, for plaintiffs.

*Milton J. Goodman*, for defendant.

HENNINGER, P. J., June 12, 1950.—Plaintiffs are the owners of a 1941 model Chevrolet panel truck which, on February 2, 1948, and prior thereto, had the name "Vallos Baking Co." painted on its sides in bold letters.

Russell Skelton, a driver delivering baked goods for plaintiffs, leased from defendant premises 319 Franklin Street, Bethlehem, and customarily and with plaintiffs' knowledge, drove the truck and stored it in the private garage on the demised premises.

On February 2, 1948, Skelton was in default to the amount of $170 in his rental of $40 per month for the house and garage and defendant distrained the truck for payment of the rent in arrears.

Plaintiffs thereupon brought this action in replevin with bond to recover their truck, valued at $650. Defendant, claiming only a lien, filed no counterbond, but

it is agreed that if his lien was valid he is entitled to judgment for $275.

After the case had been called for trial, the parties agreed upon facts and have submitted the case to the court upon the question whether under the circumstances defendant could distrain upon plaintiff's property on defendant's premises for rent owed by Skelton.

Plaintiffs urge upon us Brown et al. v. Sims et al., 17 S. & R. 138, in which it was held that the goods of others stored in a rented warehouse could not be distrained for the warehouseman's rent, in which the learned Chief Justice Gibson states (p. 139) : "The right to distrain the property of a stranger, rests on no principle of reason or justice," and (p. 140'), ". . . there is little reason to doubt that the exceptions will, in the end, eat out the rule."

In Souders v. Willig, 97 Pa. Superior Ct. 197, an automobile was placed in the hands of a dealer who leased his showroom and it was held not distrainable in reliance upon Karns v. McKinney, 74 Pa. 387, 390, " 'where the tenant, in the course of his business, is necessarily put in possession of the property of those with whom he deals, or of those who employ him, such property, although on the demised premises is not liable to distress for rent due thereon by the tenant.' "

It can be argued that within the strict language of Karns v. McKinney, supra, Skelton in the course of his business as a driver salesman for plaintiffs was necessarily in possession of the truck of those employing him, but a study of the history of the exceptions to the rule that any personal property on demised premises is subject to distraint for rent does not bear out this contention.

If Skelton was a mere employe instead of a driver salesman, the possession of the truck was not in the course of *his* business but in the course of the business

of plaintiffs. Skelton's continuous possession of the truck was undoubtedly a convenience for both him and plaintiffs, but it was by no means "necessary" as it would have been had he operated a warehouse, showroom or repair shop, the instances where possession of other people's property is necessary to one's business.

Plaintiffs have shown us no cases in which property was exempt from distraint merely because it belonged to a tenant's employer and we have been unable to uncover any such cases. We believe that the phrase was intended to apply principally to instances where a mechanic or artisan was employed to work on others' property on his own leased premises and probably with the additional provision that the work done was within the line of the tenant's known craft.

To us the name of plaintiff on the truck is of little significance. Many bakery and dairy salesmen own and operate trucks bearing the name of their employer. Under the prevailing law of landlord and tenant, defendant's knowledge or ignorance of the true ownership of the truck is immaterial.

Passing over the cases in which the tenant has an interest in but is not legal owner of the goods levied upon, there are still many instances in which the common-law rule of nonexemption of the goods of others still applies: Page v. Middleton, 118 Pa. 546, 550; Morphy v. Shipley et al., 351 Pa. 425, 431; Reinhart v. Gerhardt et al., 152 Pa. Superior Ct. 229, 231.

We are of the opinion, therefore, that since plaintiffs voluntarily and customarily permitted Skelton to retain possession of their truck on the demised premises, and since the situation is not within any of the exemptions from distraint for rent, the truck was subject to such distraint.

Now, June 12, 1950, judgment is entered in the above action upon the case as stated against plaintiffs and in favor of defendant in the amount of $275, with costs.