## Reeves v. Bowlby

*Weary, Hess & Humer*, for plaintiff.

*John McCrea*, for defendants.

SHUGHART, P. J., January 20, 1962.—The facts in the above replevin action with bond have been set forth in a pleading joined in by both parties to the action entitled "Case Stated". From this pleading it appears that on February 9, 1960, plaintiff, Reeves, leased to one Rumer eight cows upon a written agreement, which provided that Rumer pay to Reeves a rental of $1,763.73 in installments of $40 per month plus interest, and that title to the said cows remain in Reeves until the entire rental was fully paid, plus an additional $1 at the end of the lease. A balance of $1,403.73 remains unpaid under the lease.

Rumer leased a farm from defendants, Herbert M. and Glenclairn Bowlby, for a money rental, and during 1959 and 1960 became delinquent in the payment of rent in the amount of $2,100. On February 11, 1961, the landlord defendants distrained on all of the personal property on the farm including four of the cows

leased by Reeves to Rumer which were still on the premises.

On February 14, 1961, plaintiff filed a praecipe for a writ of replevin for the four cows together with an affidavit of their total value in the amount of $400. In lieu of filing a bond, he deposited with the prothonotary cash in the sum of $800. The sheriff of Cumberland County delivered the four cows to plaintiff and no counterbond was filed by defendants. It is further stipulated that no notice was given by plaintiff to defendants of plaintiff's ownership of the cows leased to Rumer prior to the issuance of the distraint or the commencement of this action.

Plaintiff contends that the title to the cows remained in him at all times and that the cows constitute "goods" necessary to the tenant's business as a farmer and are therefore exempt from distress under the Act of April 6, 1951, P. L. 69.

Section 404 of the Act of April 6, 1951, P. L. 69 (68 PS §250.404(1)) provides that certain personal property located on premises occupied by a tenant shall be exempt from levy and sale or distress for rent. The first exemption pertains to personal property "(1) Necessarily put in possession of the tenant in the course of his business by those with whom the tenant deals or by those who employ the tenant". This provision of the statute is a codification of the pre-existing case law. The doctrine as developed by the cases is set forth in Souders v. Willig, 97 Pa. Superior Ct. 197, 199. See also Karns v. McKinney, 74 Pa. 387, 390.

There are many situations in which the business activities of the tenant require that goods belonging to others be on the demised premises at all times. For example, a cobbler could never pay his rent unless others left shoes with him for mending. A garage mechanic would find himself in the same position if others did not

leave their cars on his premises to be repaired. The doctrine exempting such goods from levy and sale for rent developed from a recognition of this type of business practice. Chief Justice Gibson recognized this in Brown v. Sims, 17 S. & R. 138, where he said at page 140:

"The particular business for which the premises are let, is always known to the landlord; and where the course of it will necessarily put the tenant in possession of the property of those who deal with or employ him, it is fair to presume the landlord intended to dispense with his prerogative, because to do so would be manifestly for his advantage . . . Where the course of the business must necessarily put the tenant in possession of the property of his customers, it would be against the plainest dictates of honesty and conscience to permit the landlord to use him as a decoy, and pounce upon whatever should be brought within his grasp, after having received the price of its exemption in the enhanced value of the rent."

There are no facts before us which would place plaintiff in this case in the position of one whose goods would be exempt from levy under the above rule. The tenant, Rumer, is not shown to be one who customarily dealt with the goods of other people. Further, the cattle were placed with him not as the agent or bailee contemplated by the rule, but under an arrangement of installment purchase. The fact that the instrument employed was a bailment lease instead of a conditional sales contract does not alter the true legal relationship. In all of the cases that we have examined where the property was exempt from distraint, the tenant held the property for sale or repair and not for the purpose of ultimately acquiring title thereto himself, either by virtue of a conditional sales contract or bailment lease: Brown v. Stackhouse, 155 Pa. 582, (goods consigned to the tenant for sale on commission); Manufacturers'

Finance Acceptance Corp. v. Jordan Distributors, Inc., 111 Pa. Superior Ct. 448 (car delivered to car dealer for sale not liable to distress for rent) ; Moxham Investment Corp. v. Thomas-Kinzey Lumber Co. 104 Pa. Superior Ct. 294 (cars delivered to car dealer for sale).

Except for exemption from distraint of goods of others in the hands of a tenant for repair or resale, no such person could engage in business in a leased establishment. This reason for the rule does not exist in the case of farm tenants. While sometimes such tenants may buy goods and cattle under some form of installment purchase, frequently they do not do so. The operation of a farm by a tenant does not necessarily require that others dealing with him place their property in his possession. No case has been cited, nor has our own research disclosed any, where property held by the tenant such as were these cattle here, was exempted from distraint. Our courts have said that statutes exempting property from distraint are to be construed in derogation of the common law and therefore must be complied with strictly: Reinhart v. Gerhardt, 152 Pa. Superior Ct. 229, 231. Plaintiff having presented no basis for excluding the cattle here involved from the distraint for rent, judgment must be entered for defendants.

By stipulation, the parties agreed that if the cattle are found to be subject to distraint for rent, judgment be entered for defendants and plaintiff directed to pay to defendants the sum of $400, this being the agreed value of the cattle. Such an order will therefore be entered.

### Order

And now, January 20, 1962, for the reasons given in the foregoing opinion and in conformity to the stipulation of the parties, judgment be and is hereby entered for defendants in the amount of $400, the agreed value of the cattle. An exception is noted for plaintiff.